GIGNAC v. STUDEBAKER CORPORATION.

MASTER AND SERVANT—WORKMEN'S COMPENSATION—NEGLIGENCE—INTENTIONAL AND WILFUL MISCONDUCT.

Claimant was employed by defendant corporation to check the automobiles shipped upon freight cars from the factory of the corporation. After he had checked a number of cars which were near the platform of the factory the cars were moved to a side track farther away and claimant in order to verify his work re-examined them for that purpose. In returning he found another string of cars had been placed upon the side track and that the engine was attached to the train. He made no effort to ascer-

tain whether the trainmen were signaling to back up or proceed but crossed between the cars, placing his foot in so doing on one of the couplings. His foot was caught and crushed by the backing engine. He presented his claim for compensation under Act No. 10, Extra Session 1912 (2 How. Stat. [2d Ed.] § 3939 *et seq.*). *Held,* that although claimant was guilty of gross negligence he was not chargeable with such intentional and wilful misconduct as to defeat his right to compensation.

Certiorari to the Industrial Accident Board. Submitted April 16, 1915. (Docket No. 145.) Decided June 7, 1915.

A. Harry Gignac presented his claim for compensation against the Studebaker Corporation and an award was made in claimant's favor by the Industrial Accident Board. Contestant brings certiorari. Affirmed.

*F. J. Ward,* for appellant.

BROOKE, C. J. The facts involved in this case may be briefly stated as follows: The claimant, a young man about 20 years of age, was employed by the defendant corporation as a checker. At the rear of the plant operated by appellant was a side track of the railroad company, running along the side of the platform where empty cars were placed to be loaded with automobiles. It was claimant's duty to check each automobile as it was placed in the car. When the string of cars was loaded, it was customary to remove it to another track a short distance away from the platform. On the evening before the accident, claimant had checked a string of cars which stood beside the platform. Returning to his work the following morning, he found that those cars had been removed from the front of the platform to the other side track. Desiring to assure himself that he had properly checked the automobiles in this particular string of cars, he crossed over to the track upon which they stood,

and there made the necessary examination. Returning to the plant, he found that in his absence another string of cars was being placed upon the track in front of the platform, the engine being still attached thereto. Without stopping to see where the trainmen were, and without knowing but what they were signaling this train to back up or go ahead, he attempted to cross through between the water tank and the end car, and in so doing he placed his right foot on a coupling. The engine came back and caught his foot, crushing it so that it was necessary to amputate his five toes.

Compensation for said injury was allowed by the arbitration board, which award was afterwards affirmed by the Industrial Accident Board. But one question is raised upon the record. It is the claim of the appellant that the claimant was guilty of intentional and wilful misconduct as a matter of law. Section 2 of part 2, Act No. 10, Extra Session 1912 (2 How. Stat. [2d Ed.] § 3948), is as follows:

"If the employee is injured by reason of his intentional and wilful misconduct, he shall not receive compensation under the provisions of this act."

Appellant cites and relies upon the following cases: *Johnson* v. *Marshall Sons & Co.*, 22 T. L. R. 565, 75 L. J. K. B. 868; *Hill* v. *Consolidated Mines*, 12 B. C. 118, 1 B. W. C. C. 436; *Johnson* v. *Marshall Sons & Co.*, 94 L. T. 828, 8 W. C. C. 10; *Leishman* v. *Dixon*, 47 Scottish L. R. 410, 3 B. W. C. C. 560; *John* v. *Coal Co.*, 4 W. C. C. 15; *George* v. *Coal Co.*, 78 L. J. P. C. 47, 25 T. L. R. 57. These cases all arose in foreign jurisdictions and under statutes containing somewhat different language from that used in the Michigan act. The question has twice been presented to this court, in the case of *Clem* v. *Motor Co.*, 178 Mich. 340 (144 N. W. 848), and again in the case of *Rayner* v. *Furniture Co.*, 180 Mich. 168 (146 N. W. 665).

While it is quite clear that the claimant's injury

was brought about by his own gross negligence, we are of opinion that it cannot be said as a matter of law that he was guilty of such intentional and wilful misconduct as would defeat his recovery. Our own adjudicated cases cited above are conclusive upon this point.

The judgment is affirmed.

MCALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.