FORTIN v. BEAVER COAL CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—VIOLATION OF STATUTE WILFUL MISCONDUCT.

Where an employee in a coal mine was accidentally killed while jumping across the sump at the bottom of the shaft in violation of 2 Comp. Laws 1915, § 5542, his act amounted to intentional and wilful misconduct barring the right of his dependents to compensation under the workmen's compensation act (2 Comp. Laws 1915, § 5432).

Certiorari to Department of Labor and Industry. Submitted February 3, 1922. (Docket No. 43.) Decided March 31, 1922.

Rose Fortin and others presented their claim for compensation against the Beaver Coal Company for the accidental death of their decedent in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed, and order vacated.

*Humphrey, Grant & Henry*, for appellant.

*Coumans & Gaffney*, for appellees.

WIEST, J. Earl Fortin, 25 years of age and unmarried, was employed in defendant's coal mine as a trip rider, and had worked in the mine 11 years. In the mine, at the foot of a double hoisting shaft, there was a pit known as the sump, to let the bottom of the cages in to bring the floors thereof flush with the floor of the mine. The sump was an open space about 4 feet 10 inches by 6 feet 6 inches and 5 feet deep. Earl Fortin, on the day he was killed, had finished

As to what constitutes "serious and wilful misconduct" within the meaning of workmen's compensation act, see notes in L. R. A. 1916A, 75, 243, 355; L. R. A. 1917D, 133.

his work for the day, and, evidently intending to volunteer his help to the cager, attempted to jump across the sump, and was struck by a piece of coal falling down the shaft and instantly killed. There was a traveler or run around for use in going from one side of the sump to the other, and no reason appears for the deceased not using it instead of doing the rash and exceedingly dangerous thing of attempting to jump across. The department of labor and industry awarded compensation to the mother of the deceased and to his sister and her children and the case is here for review.

Counsel for defendant coal company contend that as a matter of law the accident was caused by the intentional and wilful misconduct of the deceased and that it was not sustained in the course of his employment.

Section 5432, 2 Comp. Laws 1915, provides:

"If the employee is injured by reason of his intentional and wilful misconduct, he shall not .receive compensation under the provisions of this act."

In 1913 the legislature of this State enacted a law to provide for the health and safety of persons employed in and about coal mines, and section 27 of that act (section 5542, 2 Comp. Laws 1915), provides:

"At the bottom of each hoisting shaft there shall be constructed a safe and convenient traveling way around the shaft for employees and animals, and it shall be unlawful for any person to pass across the shaft bottom in any other manner or in any other way than the traveling way herein contemplated, except such employees as may be necessary to perform the work at the bottom of the shaft or those engaged in making repairs."

The penal provision of the statute (section 5562, 2 Comp. Laws 1915) provides:

"Any person, firm or corporation violating any of

the provisions of this act shall be guilty of a misdemeanor, and upon conviction shall be fined not less than ten dollars nor more than one hundred dollars, or be imprisoned in the county jail not exceeding thirty days, or both at the discretion of the court."

Was the death of Earl Fortin occasioned by his intentional and wilful misconduct? The authorities seem to be agreed that mere negligence, however great, is not wilful misconduct. *Gignac* v. *Studebaker Corporation*, 186 Mich. 574. If, however, the conduct occasioning the injury is of a *quasi*-criminal nature, involving the intentional doing of something with knowledge that it is dangerous and with a wanton disregard of consequences, then it is intentional and wilful misconduct. We do not consider the cases cited in the opinion of the board as decisive of the question here presented.

In *Rumboll* v. *Nunnery Colliery Co.*, 80 L. T. (Eng.) 42, the injured employee in breaking the rules made under the coal miners' regulation act of 1897 was acting under orders of his superior and not at his own volition.

In *Alexander* v. *Industrial Board*, 281 Ill. 201 (117 N. E. 1040), the employee was killed while about the master's service, but while violating an ordinance of the city of Chicago, and it appears from the opinion that the deceased had permission from an employee of the railroad company to enter upon the elevated tracks to recover tools to enable him to carry on the work of the master.

In *Casey* v. *Humphries* (1913), 6 B. W. C. C. 520, the court remarked that the case was undoubtedly a border-line one, and one of the judges stated:

"It is a case in which, if the learned judge had found that there was serious and wilful misconduct, it could not in my judgment be disputed that there was ample evidence to justify such a finding."

It cannot be said that the accident had its origin in a risk connected with the employment and to have happened as a consequence thereof. The mining company could not, under the law, have employed the deceased or have directed him to do the act causing his death. The law enacted for safeguarding the lives of miners against taking hazardous risks of life and limb must be obeyed, and it would be anomalous, to say the least, to permit one statute to be invoked and award compensation thereunder for death occasioned in violating another statute prohibiting the act and making it a misdemeanor.

Here the statute expressly forbid the deceased from doing the act occasioning his death, and had he not been killed he could have been prosecuted for such act and convicted of a misdemeanor. A safe way was there for his use. No emergency existed for his not using it. The law not only made it a misdemeanor on the part of the company if it failed to provide such a way, but as well a misdemeanor for the deceased to jump across the sump. So serious was the danger from coal falling down the shaft that the legislature took notice thereof and made it a misdemeanor to do what the deceased was doing when he was killed. He intentionally made an effort to jump across the sump and this was wilful misconduct on his part.

Such reckless disregard of the statute and invitation of the very consequences the statute was enacted to avoid being a voluntary act on the part of the deceased, involving plan and effort and calculation, and not being in furtherance of any of his duties nor under the direction of his superior, constituted intentional and wilful misconduct on his part and bars compensation to his dependents. *Leishman* v. *Wm. Dixon Co., Ltd.* (1910), Sess. Cas. 498; *Fidelity & Deposit Co.* v. *Industrial Commission,* 171 Cal. 728 (154 Pac. 834, L. R. A. 1916D, 903); *Bay Shore Laundry Co.* v.

*Industrial Commission*, 36 Cal. App. 547 (172 Pac. 1128).

The award is vacated.

FELLOWS, C. J., and CLARK, SHARPE, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.

The late Justice STONE took no part in this decision.