### DETWILER v. CONSUMERS POWER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EMPLOYER'S RULES—ENFORCEMENT.

   Rule governing use of freight elevator by employees, to be effective as such, must be prescribed by power having authority to make rules, and it must be enforced with diligence.

2. SAME—VIOLATION OF RULE NOT ENFORCED NOT WILFUL MISCONDUCT.

   Where rule against use of freight elevator by employees was not enforced and obedience not required, use thereof by employee resulting in fatal injury was not wilful misconduct within meaning of workmen's compensation act (2 Comp. Laws 1915, § 5432) barring right to compensation.

3. SAME—INJURY ARISING OUT OF EMPLOYMENT—INFERENCES.

   Where employee left his place of employment at 35-foot level of elevator shaft, and was accidentally killed in elevator, inference that accident arose out of employment was justified, under circumstances of case; there being no evidence that he left for improper purpose.

4. SAME—FINDING JUSTIFIED BY EVIDENCE CONCLUSIVE.

   Finding of department of labor and industry that accident arose out of employment is conclusive, where justified by evidence and inference therefrom.

---

As to what injuries "arise out of and in the course of the employment," within meaning of compensation acts, see annotation in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896; 13 A. L. R. 540; 20 A. L. R. 882; 36 A. L. R. 1469.

Certiorari to Department of Labor and Industry. Submitted October 14, 1930. (Docket No. 72, Calendar No. 35,008.) Decided December 2, 1930.

Margaret Lake Detwiler presented her claim against Consumers Power Company for the accidental death of her husband, Charles Detwiler, while in defendant's employ. Defendant reviews award of compensation by certiorari. Affirmed.

*Smith, Hunter & Spaulding,* for plaintiff.

*N. B. Kelly* (*Clyde J. Holmes* and *Walter D. Kline,* of counsel), for defendant.

CLARK, J. Defendant employer, carrying its own risk, reviews on certiorari an award by the department of labor and industry to plaintiff, for herself and child, of compensation for the death of her husband, an employee, due, as found by the department, to an accidental personal injury arising out of and in the course of the employment.

Deceased began working for defendant as a common laborer at its gas plant in Lansing, September 4, 1929. Eight days later he was killed in. an electric freight elevator used chiefly to elevate coke from the ground level to storage piles. The elevator shaft is about eight feet square and inclosed except for doorways leading into the shaft at various levels. The elevator car is a platform with two tracks upon it. The coke car weighs about a ton. It runs on a track like a railway and is pushed by hand. A load of coke is pushed upon the elevator platform at the ground level, and is then elevated and is pushed off on a runway at either a 35-foot level or at a 60-foot level, and is dumped, when the empty car is returned for another load. The elevator was not at all times in use for this purpose.

Deceased was engaged with other laborers in repair work on the 35-foot runway. There were two ways to reach this place: by the elevator and by a ladder or stairway. There was no notice on this elevator against its use by employees. No rule in this regard had been made or issued by the employer. There is evidence that deceased had been cautioned by another employee against using the elevator and told it was dangerous. But there is positive evidence that no one with authority so to do had issued instruction or made rule on the subject. The elevator was used by employees, nearly every employee named in the record. It is a fair inference that any employee who had occasion and opportunity to use it did so. During the afternoon of September 12th, deceased left the place on the elevation where he was working, the reason being unknown, and shortly thereafter a coke car broke through a door of the elevator shaft and fell to the top of the elevator car and deceased was found caught between the floor of the elevator car and channel iron of the shaft.

It is argued that deceased was guilty of intentional and wilful misconduct (2 Comp. Laws 1915, § 5432), and that the injury did not arise out of the employment (2 Comp. Laws 1915, § 5431), and that therefore the award should be vacated.

Assuming, but not deciding, that wilful misconduct might consist in wilful violation of a rule made for the employee's own safety or the safety of others, the record shows no such rule. A rule, to be effective as such, must be prescribed by a power having authority to make rules and it must be enforced with diligence.

If it be conceded, for sake of argument, that the instruction or caution here was duly authorized, as

contended by the employer, still it appears that it was not enforced, obedience was not required, and it is unavailing in respect of wilful misconduct. It was well said in *Haffemayer* v. *United Keanograph Film Co.*, 1 Cal. Ind. Acc. Comm. Dec. (No. 24, 1915) 58, as reported in 8 N. C. C. A. 891:

"To disregard the instructions of an employer, where such instructions are given merely in the form of cautions, and where repeated violations of such instructions are known and permitted without penalty and without positive insistence upon obedience, does not constitute such obstinate or perverse opposition to the will of the employer as amounts to wilful misconduct. To hold otherwise would be to open the door for employers to impose numbers of safety rules upon their employees with a tacit understanding that such rules need not, so far as the employers were concerned, be regarded if the employees chose to do otherwise, but that if an employee was injured while disobeying any such instructions he should be deprived of compensation. An employer can not be allowed to impose two standards of care upon his employees, one for the ordinary conduct of his business and the other as a test of liability under the workmen's compensation * * * act in case of accident."

It follows that deceased was not guilty of wilful misconduct.

Did the injury arise out of the employment? It is not contended that deceased employee might not have left his task to go to the toilet or for any other proper purpose reasonably incident to the employment, but it is urged that he should have used the ladder or stairway, not the elevator.

No question of negligence is here involved. On this record deceased had the right to use either the elevator or the ladder or stairway. If he had suf-

fered the fatal injury by falling from the ladder or stairway, instead of being crushed in the elevator, as he was, the case would not be different in applicable law.

On this record the department might infer and find, as it did, from the circumstances, the evidence, that the injury arose out of the employment. The finding is conclusive on this court.

Defendant contends that the case of *Moyer* v. *Packard Motor Car Co.,* 205 Mich. 503, is controlling. Perhaps so, if the facts were as contended by defendant, but not so on the facts found by the department. The case is more like *Gabriel* v. *A. J. Smith Construction Co.,* 206 Mich. 471.

See, also, *Papinaw* v. *Railway Co.,* 189 Mich. 441; *Meyers* v. *Railway Co.,* 199 Mich. 134; and *Glenn* v. *Reynolds Spring Co.,* 225 Mich. 693, where there is discussion of when an injury "arises out of" the employment.

Award affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.