DAY *v.* GOLD STAR DAIRY.

1. WORKMEN'S COMPENSATION—VIOLATION OF STATUTE—CONVICTION.
   The fact that dairy's employee, who was injured while driving
   employer's truck upon a highway as he collided with a car
   while he was overtaking and attempting to pass a cattle truck
   near the crest of a hill, was later convicted of reckless driving
   in violation of statute by a jury in the justice court is not
   determinative of his rights under the workmen's compensation
   act (1 Comp. Laws 1929, § 4696).

2. SAME—CONVICTION OF A CRIMINAL OFFENSE—EVIDENCE.
   A proceeding to recover workmen's compensation is a civil pro-
   ceeding in which the judgment of conviction in a criminal
   case cannot be used as evidence to establish the truth of the
   facts to be determined therein.

3. SAME—VIOLATION OF STATUTE—WILFUL AND INTENTIONAL CON-
   DUCT.
   Whether an employee who is injured while violating a statute
   violated it in such manner as to make his conduct wilful and
   intentional so as to bar recovery of workmen's compensation
   must be determined by the department of labor and industry
   independently of the decision of a jury in a separate action
   .(2 Comp. Laws 1929, § 8418).

4. SAME—AUTOMOBILES—NEGLIGENCE—INTENTIONAL    AND    WILFUL
   MISCONDUCT—FINDING OF FACT BY DEPARTMENT.
   While trying to pass another car on a wet pavement near crest
   of hill may constitute negligence it does not follow *ipso facto*
   that such conduct was intentional and wilful as that term is
   used in characterizing conduct which precludes recovery by an
   employee under the workmen's compensation act but raises an
   issue of fact for the department of labor and industry and its
   determination thereon is conclusive (Comp. Laws 1929, § 4707,
   as amended by Act No. 318, Pub. Acts 1939; §§ 8418, 8451).

---

Violation of statute as wilful misconduct, see 2 Restatement, Torts,
§ 500, comment e.

5. Same—Violation of Statute—Wilful Misconduct.

Generally, mere violation of statute, without more, is not wilful misconduct under the workmen's compensation act as a matter of law (2 Comp. Laws 1929, § 8418).

6. Same—Intentional and Wilful Misconduct.

It is within the province of the department of labor and industry to determine whether the action of an employee seeking workmen's compensation was intentional and wilful misconduct (2 Comp. Laws 1929, § 8418).

7. Words and Phrases—Wilful and Wanton Misconduct—Intentional and Wilful Misconduct.

There is but little difference in the meaning of the words "wilful and wanton misconduct" in the guest act from "intentional and wilful misconduct" under the workmen's compensation act (Comp. Laws 1929, §§ 4648, 8418).

8. Workmen's Compensation—Gross Negligence—Intentional and Wilful Misconduct.

A claimant for workmen's compensation, although guilty of gross negligence, is not chargeable thereby with intentional and wilful misconduct (2 Comp. Laws 1929, § 8418).

9. Automobiles—Violation of Statute—Criminal Law.

Under the motor vehicle act it is a misdemeanor to violate any of the provisions of the act unless violation is by the act or other law of the State declared to be a felony (1 Comp. Laws 1929, § 4795).

10. Workmen's Compensation—Automobiles—Violation of Statute.

If an employee, while engaged in his regular occupation, operates a motor vehicle upon the highways in violation of statute, the fact of such violation alone should not preclude him from recovering workmen's compensation, the question being one for the determination of the department of labor and industry in each case.

Boyles, C. J., and Sharpe, J., dissenting.

Appeal from Department of Labor and Industry. Submitted June 9, 1943. (Docket No. 41, Calendar No. 42,335.) Decided November 29, 1943.

George E. Day presented his claim for compensation against Gold Star Dairy, employer, and State

Accident Fund, insurer, for injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*DePuy & George,* for plaintiff.

*Harry F. Briggs* (*Henry A. Compeau* and *Roy Andrus,* of counsel), for defendant.

SHARPE, J. (*dissenting*). This is an appeal from an order of the department of labor and industry, awarding compensation to plaintiff for injuries received in an automobile collision.

On February 4, 1942, plaintiff was in the employ of the Gold Star Dairy. On the day in question, he left Port Huron for Kingston for the purpose of buying butter and eggs. On his return trip he ascended a hill or long grade, traveling at a rate of 47½ miles per hour. The highway was wet and icy. He had been following a cattle truck and near the top of the hill he turned to the left side of the highway in an attempt to pass the truck. At this point he collided with an automobile coming from the opposite direction. As a result of the collision, plaintiff was severely injured. Subsequently, plaintiff was arrested, tried and convicted of reckless driving. The injuries which he received when so driving now form the basis of his claim for compensation.

In the opinion of the department of labor and industry awarding compensation, it is said:

"It is our opinion that the plaintiff's conduct was not such as would have been held to be 'wilful and wanton misconduct' in a proceeding arising under the 'guest act,' and if we are right in this opinion, his conduct should not be considered 'intentional and wilful misconduct' in a proceeding arising under the

compensation act. We find that the plaintiff suffered an accidental injury on February 4, 1942, arising out of and in the course of his employment by the defendant; that he was not guilty of 'intentional and wilful misconduct' within the meaning of that term as used in 2 Comp. Laws 1929, § 8418 (Stat. Ann. § 17.152).''

Defendants appeal and urge that because plaintiff was guilty of violating 1 Comp. Laws 1929, § 4696 (Stat. Ann. § 9.1564), pertaining to reckless driving, and 1 Comp. Laws 1929, § 4707, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4707, Stat. Ann. 1943 Cum. Supp. § 9.1575), pertaining to the passing of another vehicle when approaching the crest of a grade where the driver's view is obstructed, he is guilty of intentional and wilful misconduct.

Section 8418, 2 Comp. Laws 1929 (Stat. Ann. § 17.152), provides:

''If the employee is injured by reason of his intentional and wilful misconduct, he shall not receive compensation under the provisions of this act.''

Defendants rely upon *Fortin* v. *Beaver Coal Co.,* 217 Mich. 508 (23 A. L. R. 1153). In this case a statute forbade an employee of a mining company from passing across the shaft bottom in any other manner or in any other way than the traveling way provided. Fortin attempted to jump across the sump, in violation of the law, and was struck by a piece of coal falling down the shaft and instantly killed. We there said:

''The authorities seem to be agreed that mere negligence, however great, is not wilful misconduct. *Gignac* v. *Studebaker Corp.,* 186 Mich. 574. If, however, the conduct occasioning the injury is of a *quasi*-criminal nature, involving the intentional doing of

something with knowledge that it is dangerous and with a wanton disregard of consequences, then it is intentional and wilful misconduct.  *  *  *

"The law enacted for safeguarding the lives of miners against taking hazardous risks of life and limb must be obeyed, and it would be anomalous, to say the least, to permit one statute to be invoked and award compensation thereunder for death occasioned in violating another statute prohibiting the act and making it a misdemeanor.  *  *  *

"He intentionally made an effort to jump across the sump and this was wilful misconduct on his part.

"Such reckless disregard of the statute and invitation of the very consequences the statute was enacted to avoid being a voluntary act on the part of the deceased, involving plan and effort and calculation, and not being in furtherance of any of his duties nor under the direction of his superior, constituted intentional and wilful misconduct on his part and bars compensation to his dependents."

In *Waldbauer* v. *Michigan Bean Co.,* 278 Mich. 249, plaintiff's decedent entered a bin that had been filled with grain.  The bin and contents had been fumigated with cyanide.  At the time he entered the bin, he knew the lethal gas was operative.  In vacating an award, we said, p. 254:

"Entering the bin while the gas was operative as a death-dealing agency was an act of volition on the part of the deceased, contrary to the course of his employment, warned against, and prohibited by every sense of self-preservation.  Such an entry involved more than mere negligence; it was intentional and wilful and in reckless disregard of consequences."

In the *Fortin Case, supra,* the deceased employee knew or was presumed to know that he was violating a law at the time of the doing of the act.  He also knew that there was a potential danger to him-

self in so violating the law. There was an intentional doing of something with a wanton disregard of consequences. In the *Waldbauer Case, supra,* we had a similar situation. The deceased had been instructed not to enter the bin within 72 hours after the grain had been treated, yet on the day following fumigation, he entered the bin. He knew of the danger to himself in so entering the bin. "Such an entry involved more than mere negligence; it was intentional and wilful and in reckless disregard of consequences." The *Waldbauer Case* is to be distinguished from *Detwiler* v. *Consumers Power Co.,* 252 Mich. 79, where the court said:

"A rule, to be effective as such, must be prescribed by a power having authority to make rules and it must be enforced with diligence.

"If it be conceded, for sake of argument, that the instruction or caution here was duly authorized, as contended by the employer, still it appears that it was not enforced, obedience was not required, and it is unavailing in respect of wilful misconduct."

In the case at bar, plaintiff knew or should have known that he was violating the law in driving in the manner in which he did upon the occasion involved here. He also knew of the potential danger to himself and the driving public in so doing. His actions were intentional and in reckless disregard of consequences. In none of these cases was the act in furtherance of any of the employee's duties or under the direction of the employer.

In awarding compensation in the case at bar, the department of labor and industry applied the meaning which the court has given to the phrase "wilful and wanton misconduct" as used in the guest passenger statute (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]) to the phrase "intentional and wilful misconduct" as used in the compensation act.

In our opinion the test to be applied to the phrase used in the compensation act has no relationship to gross negligence or wilful and wanton misconduct. The compensation act does not speak in terms of negligence or degrees of negligence. It speaks in terms of intentional and wilful misconduct. In the case at bar, the conduct of plaintiff was intentional and in disregard of consequences.

The department of labor and industry was in error in awarding compensation. The award should be vacated, with costs to defendants.

BOYLES, C. J., concurred with SHARPE, J.

BUTZEL, J.   The fact that plaintiff was convicted by a jury in the justice court for reckless driving in violation of the statute, 1 Comp. Laws 1929, § 4696 (Stat. Ann. § 9.1564), is in no sense determinative of his rights under the workmen's compensation act, a civil proceeding in which the judgment of conviction in a criminal case cannot be used as evidence to establish the truth of the facts to be determined therein. *Smith* v. *Brown,* 2 Mich. 161. See citations in 80 A. L. R. 1145, 130 A. L. R. 690. Whether plaintiff violated the statute in such manner as to make his conduct wilful and intentional* must be determined by the department independently of the decision of a jury in a separate action. *Fortin* v. *Beaver Coal Co.,* 217 Mich. 508 (23 A. L. R. 1153), was a case where the violation of the particular statute by the employee was clearly wilful and intentional misconduct. The statute in question established a rule of safety solely for the benefit of the miner while working in the mines. It made it a misdemeanor for one to pass across the bottom of a hoisting shaft instead of using the safe

*See 2 Comp. Laws 1929, § 8418 (Stat. Ann. § 17.152).—REPORTER.

and convenient traveling way around the shaft. This rule was established by the legislature for the employee's own safety. Under the facts we held the violation to be intentional and wilful. It was no part of the employee's duties to try to cross the hoisting shaft. In the instant case, while plaintiff might have been guilty of a high degree of negligence in trying to pass another car on a wet pavement while going over a hill, I do not believe that it follows *ipso facto* that his conduct was wilful and intentional. The question was one of fact for the department of labor and industry (*McMinn* v. *C. Kern Brewing Co.*, 202 Mich. 414), whose determination is conclusive. 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).

With respect to plaintiff's violation of the statute, 1 Comp. Laws 1929, § 4707, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4707, Stat. Ann. 1943 Cum. Supp. § 9.1575), prohibiting passing upon a grade unless the driver's view is sufficient to insure safety, the general rule is that the mere violation of a statute, without more, is not wilful misconduct as a matter of law. The cases are collated in 23 A. L. R. 1161, 26 A. L. R. 166, 58 A. L. R. 197, 83 A. L. R. 1211, 119 A. L. R. 1409. In *McMinn* v. *C. Kern Brewing Co., supra,* p. 423, where we held the question of intentional and wilful misconduct was one for the department to determine, the court quoted with approval from the opinion of the department as follows:

"We do not find that any workmen's compensation law except that of Michigan contains the phrase 'intentional and wilful misconduct.' Many of the acts use the term 'serious and wilful misconduct.' Some of them seem to use the term 'serious misconduct,' and others the term 'wilful misconduct.' The original bill as introduced in the

Michigan legislature at the first extra session of 1912, contained the phrase 'serious and wilful misconduct.' It was amended in the house by striking out the word 'serious' and inserting in lieu thereof the word 'intentional.' See House Journal, First and Second Extra Sessions 1912, page 74; Senate Journal, First and Second Extra Sessions 1912, pages 99 *et sequitur*; Senate Journal, First and Second Extra Sessions 1912, page 131; House Journal, First and Second Extra Sessions 1912, page 142. It would seem that the legislature deliberately inserted the word 'intentional' in place of the word 'serious,' and it seems to the board* that 'intentional and wilful misconduct' ought to mean something more than 'serious and wilful misconduct.' ''

It is within the province of the department to determine whether the action of an employee claimant was intentional and wilful misconduct. There is but little difference in the meaning of the words ''wilful and wanton misconduct'' in the guest act (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]) cases from ''intentional and wilful misconduct'' under the workmen's compensation act. In *Re Mueller's Estate,* 280 Mich. 203, we held that driving at nighttime at a speed from 90 to 100 miles an hour was not wilful and wanton misconduct. In *LeGroh* v. *Bennett,* 271 Mich. 526, the defendant was driving his car at from 50 to 60 miles an hour on a slippery road in a heavy fog with objects discernible for only a few feet ahead, when he swerved to the left and hit a trailer on the lefthand side of the road, injuring plaintiff, a guest passenger in defendant's car. We held that this was not wilful and wanton misconduct. We cited with approval *Wyma*

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.

v. *Van Anrooy*, 260 Mich. 295, where again one car in order to pass another went to the left and ran into an oncoming car. In *Clem* v. *Chalmers Motor Co.*, 178 Mich. 340 (L. R. A. 1916A, 352, 4 N. C. C. A. 876), we held that a workman who, instead of using a ladder to come down from a roof, tried to descend by means of a rope was not guilty of intentional and wilful misconduct so as to defeat his claim under the compensation act. A claimant, although guilty of gross negligence, is not chargeable thereby with intentional and wilful misconduct. *Gignac* v. *Studebaker Corp.*, 186 Mich. 574. Under the provisions of the motor vehicle act it is a misdemeanor to violate any of the provisions of the act unless violation is by the act or other law of the State declared to be a felony. 1 Comp. Laws 1929, § 4745 (Stat. Ann. § 9.1614). If an employee, while engaged in his regular occupation, meets with an accident through his failure to give a signal when starting, stopping or turning (1 Comp. Laws 1929, § 4711 [Stat. Ann. § 9.1579]), or fails to stop at certain through highways (1 Comp. Laws 1929, § 4715 [Stat. Ann. § 9.1583]), or violates any single provision of the act through inattention or inadvertence and not intentionally and wilfully, I do not believe that the fact of such violation alone should preclude him from recovering compensation. The question should be for the determination of the department in each individual case.

In the instant case, the employee was guilty of a high degree of negligence when, while driving his car, not on any private business but in carrying out his duties, he drove on the wrong side of the road going up a hill and attempted to pass another car. His haste may have been due to his desire to further his employer's interests and if so, the violation of the statute may have been inadvertent. I do not

believe it is for us to determine with finality whether plaintiff's conduct was wilful and intentional.

The award is affirmed, with costs to plaintiff.

CHANDLER, NORTH, STARR, WIEST, and BUSHNELL, JJ., concurred with BUTZEL, J.