TERRELL, Justice.
Ellis White was injured in an automobile accident July 2, 1953. The carrier, Highway Casualty Company, paid compensation and medical benefits promptly until August .31, 1953 when it suspended said payments. Claimant then filed his claim with the Florida Industrial Commission. The carrier controverted the claim on the ground (1) that claimant’s injury did not arise out of the course of his employment and (2) claimant’s injury was occasioned by his refusal to observe safety regulations defined by statute.
At the hearing the parties stipulated that Ellis White was employed by C. H. Lyne Foundry & Machine Co., Inc., at $59.50 per week, that he was injured July 2, 1953, fourteen miles south of Homestead in Dade County, near Rose Harbor Fishing Camp, that he was driving a 1951 Pontiac sedan owned by his employer, that Highway Casualty Company was the carrier for the employer and that at the time of the hearing the employee was in the hospital, totally disabled and unconscious. It was also stipulated that the following issues were implicit in the controversy:
(a) Whether the accident arose out of and in the course of employment.
(b) Whether the injury was occasioned primarily by the employee’s willful refusal to use a safety appliance, or to observe a safety rule approved by the Commission or required by statute and brought to the knowledge of the claimant prior to the accident.
Pursuant to hearing, the Deputy Commissioner entered an order awarding compensation, medical benefits and attorney’s fees to the claimant. The carrier appealed to the Florida Industrial Commission but eliminated the question of whether or not the accident arose out of and in the course of the employment. So the only question before the full Commission was whether or not the injury was occasioned primarily by the claimant’s willful refusal to observe a safety rule provided by statute and brought to his knowledge prior to the accident. On this issue a majority of the Commission reversed the ruling of the Deputy Commissioner and dismissed the claim. We are confronted with an appeal by certiorari from this order.
The grounds on which the Industrial Commission reversed the Deputy Commissioner were (1) that the claimant’s conduct was in violation of F.S. Section 317.22, F.S.A., (2) the injury to the claimant was occasioned primarily by his willful refusal to observe a safety rule required by the statute and that the order of the Deputy Commissioner as to either charge was not supported by substantial, competent evidence. The point for determination is whether or not the order of the Industrial Commission was correct in so holding.
Section 317.22, Florida Statutes, F.S.A., has to do with speed restrictions and requires that “No person shall drive a vehicle on the highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.” Under some circumstances exceeding sixty miles per hour is made prima facie evidence of reckless driving.
Such was the safety rule that the Commission found was violated by the claimant *540 and' barred him from recovery in contemplation of F.S. Section 440.09(3), F.S.A., the pertinent part of which provides that “No compensation shall be payable if the injury was occasioned primarily by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another or by his willful refusal to use a safety appliance or observe a safety rule approved by the commission or required by statute, and brought prior to the accident to the knowledge of the em-' ployee.”
The Deputy Commissioner found that the evidence failed to show such a willful violation of the speed law on the part of claimant as to bar him from recovery. The full Commission found on the other hand that the injury to the claimant was occasioned primarily by this willful refusal to observe a safety rule required by statute and that the order of the Deputy Commissioner is not supported by substantial competent evidence.
Summarized, the evidence on the point shows that at the time of the accident claimant was travelling south on U. S. Highway No. 1, 14 miles below Homestead, in his master’s Pontiac sedan, he was preceded by two cars and a two-ton Ford truck loaded with soft drinks, as the truck approached Rose Harbor Fishing Camp it turned left at a reduced rate of speed to enter the fishing camp. Claimant attempted to pass the two cars about the same time and evidently misjudged the speed and distance they were in front of him and he struck the end of the truck which had not quite cleared the highway. The truck was capsized, and the impact rendered the claimant unconscious from which he died soon after the hearing. There were skid marks on the road for some distance and there was evidence that the claimant was travelling anywhere from 60 to 80 miles an hour but as a whole the evidence is indefinite and unsatisfactory, because of which we think it is impossible for any one to tell with any degree of certainty how fast the claimant was travelling at the time of the accident.
The mere fact that one was shown to have been travelling more than 60 miles an hour when he was'hurt is not sufficient, standing alone, to prove such, a willful violation of a .speed law as to preclude recovery. This case turns on the point of whether or not under the facts shown willful recklessness prompted the excessive speed at which the claimant was driving at the time of the' accident. In Philbrick Ambulance Service, Inc. v. Buff, Fla., 73 So.2d 273, the author pointed out that the question of whether the employee was willfully failing to observe a safety rule is to be determined from the facts and circumstances of the particular case. The mere violation of a statute, ordinance or regulation does not preclude recovery as a matter of law. Mere negligence or even gross negligence standing alone falls short of being sufficient to bar recovery. Willful misconduct sufficient to bar, involves the intentional doing of something either with knowledge that it is likely to result in serious injury or with a wanton disregard of its probable consequences.
The defense urged by the carrier is that the claimant “willfully refused to observe a safety rule required by statute,” Section 440.09(3) already quoted. Gregory v. McKesson & Robbins, Inc., Fla., 54 So.2d 682, is relied on to support this contention. The Deputy Commissioner construed Mc-Kesson & Robbins as holding a state speed law to be a safety rule but that the violation of a safety rule does not as a matter of law constitute “willful refusal” to observe such a rule, that “willful refusal” or “willful misconduct” is a question determinative by the facts of the particular case. It must be determined, in other words, that claimant exceeded the speed limit and that such act constituted “willful misconduct.” In Gregory v. McKesson & Robbins the claimant testified and admitted that he was travelling 75 or 80 miles per hour, that he was in a hurry to get home.
Even if claimant was travelling more than 60 miles per hour, the evidence shows that the two cars preceding him had *541 slowed down for the truck to make the left hand turn, and claimant evidently failed to see the left hand signal of the truck driver. When the situation became apparent he was on the left hand side of the road attempting to pass the two cars. He misjudged the peril in which he found himself but we find no showing of “willful refusal” or “willful misconduct” in what he did. The full Commission grounded its judgment solely on the fact that the claimant was travelling in excess of 60 miles per hour on the left hand side of the road when the accident occurred. From what has been said we cannot escape the conclusion that the Commission applied the wrong rule of law to the evidence. The claimant in this case died before recovering consciousness and did not testify but we find nothing in Gregory v. McKesson & Robbins, Inc. or American Airmotive Corp. v. Moore, Fla., 62 So.2d 37, that collides with what we have said in this case. In this holding we have not overlooked Aetna Life Insurance Co. v. Carroll, 169 Ga. 333, 150 S.E. 208, where it was in effect held that “willful” intent will be imported to the employee where the proximate cause of the accident is the result of having violated a penal statute. See also Hall v. Kendall, 81 Ga.App. 592, 59 S.E.2d 421, Gooseby v. Pinson Tire Co., 65 Ga.App. 837, 16 S.E.2d 767, and Fortin v. Beaver Coal Co., 217 Mich. 508, 187 N.W. 352, 23 A.L.R. 1153, cited in McKesson & Robbins case. Compensation has also been denied where speed was the proximate cause or a material factor involved. Durgin’s Case, 251 Mass. 427, 146 N.E. 694; Weidt v. Brannan Motor Co., Wyo., 260 P.2d 757; Fidelity & Deposit Co. of Maryland v. Industrial Acc. Commission of State of Cal., 171 Cal. 728, 154 P. 834, L.R.A.1916D, 903; Western Pacific R. Co. v. Industrial Acc. Commission, 193 Cal. 413, 224 P. 754.
It is not amiss in this connection to call attention to the fact that compensation has been awarded where a material factor was speed or the results of the claimant having violated some traffic or safety regulation. American Airmotive Corp. v. Moore supra; Philbrick Ambulance Service, Inc. v. Buff, Fla., 73 So.2d 273; Ford Motor Co. v. Smith, 283 Ky. 795, 143 S.W.2d 507; Day v. Gold Star Dairy, 307 Mich. 383, 12 N.W.2d 5; Sloss-Sheffield Steel & Iron Co. v. Nations, 236 Ala. 571, 183 So. 871, 119 A.L.R. 1403; Plick v. Toye Bros. Auto & Taxicab Co., 13 La.App. 525, 127 So. 59; W. C. Sharp Drug Stores v. Hansard, 176 Tenn. 595, 144 S.W.2d 777; Black Mountain Corp. v. Higgins, 226 Ky. 7, 10 S.W.2d 463; Employers’ Liability Assur. Corp. v. Hoage, 63 App.D.C. 53, 69 F.2d 227; Southern Motor Car Co. v. Patterson, 168 Tenn. 252, 77 S.W.2d 446. These cases are cited because they deal with the award of compensation under statutes of the respective states where the terms “willful misconduct” or “willful refusal” to obey a safety rule entered the picture.
While an examination of the cases cited discloses a variety of views on the question, some of which cannot be reconciled, I think, as pointed out in Larson’s “Workmen’s Compensation”, Section 35.30, the modern rule and the one generally followed is that violation of a statute or safety rule is not per se willful, that there must be the intentional doing of something either with knowledge that it is likely to result in serious injury or with a wanton disregard of probable consequences. Our statute, Section 440.09(3), clearly implies as much. Such an interpretation is necessary to effectuate the purpose and intent of the Workmen’s Compensation Act.
It is accordingly our view that the Florida Industrial Commission was in error in reversing the Deputy Commissioner, there being no substantial showing that the claimant knowingly and willfully committed a substantial violation of the state speed law. It is settled law that the Industrial Commission should not reverse the findings of fact made by a Deputy Commissioner unless it appears that those findings are clearly erroneous, in that they are not supported by evidence. Even though it may be shown that the claimant was careless or misapprehended the peril that he was driving into, that, alone, would not imply a willful purpose to commit suicide or im *542 pose bodily harm on someone else as contemplated by the statute.
Certiorari is granted and the judgment of the Florida Industrial Commission is quashed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.