HOBSON, Justice.
This matter is before us on a petition for writ of certiorari to review an order of the Florida Industrial Commission. The petitioner, who was the claimant below, is the mother of the deceased employee of the respondent employer.
The accident in which the employee met his death is admittedly compensable. The only issue is whether the award should properly be reduced 25% in accordance with the provisions of Section 440.09(3) which states in pertinent part:
“Where injury is caused by the willful refusal of the employee to use a safety appliance or observe a safety rule required by statute or lawfully required or approved by the commission, and brought prior to the accident to his knowledge, the compensation as provided in this chapter shall be reduced twenty-five per cent.”
The evidence, which is essentially undisputed, indicates that at the time of the fatal accident the employee was driving his automobile south on U. S. Highway 1 in the City of Boynton Beach. The highway at this point has four lanes of traffic with a double yellow line in the middle of the highway. The fatal collision occurred when the employee’s car collided with the left rear portion of a pick-up truck which had been travelling south on U. S. 1 also, but which was in the process of crossing the yellow center line in order to make a left hand turn onto an intersecting street. It appears that the employee’s car had, at the point of impact, at least partially crossed the center line of the highway. The only evidence regarding the speed of the deceased employee’s automobile indicated that approximately one quarter of a mile north of where the accident occurred the employee’s car was seen proceeding at a speed of between 60 and 70 miles per hour, passing a line of about five vehicles moving in the same direction. The deceased’s automobile had a red blinker light affixed to the top of the dashboard, and this light was on and flashing at this time. Apparently this flashing red light was unauthorized, and there was no evidence that the deceased was on an emergency mission of any kind. The speed limit at the point of the accident was 45 miles per hour.
The deputy in his compensation order made mention of the evidence as to deceased’s speed just prior to the accident. The order goes on to state:
“At the time of the accident, it is impossible for the Deputy Commissioner to say with any degree of certainty the speed at which the deceased was traveling.
“However, I find that the decedent was exceeding the speed limit at the time of the accident, but because death has sealed his lips, we do not have his testimony as to what transpired, and the ‘willfulness’ required by Statute is not proven by the carrier.
“On authority of White vs. C. H. Lyne Foundry & Machine Co. [Fla.], 74 So.2d, 538, I find that the claimant, Mrs. Elizabeth M. Smit, is entitled to the full amount of compensation under the law, and the carrier is not entitled to the 25% reduction provided by Section 440.09(3).”
On appeal, the full commission reversed the order of the deputy on this point and stated inter alia:
“As it has been stated before, ‘willful’ depends upon the facts in each individual situation. In the instant cause, however, the evidence adduced is un-contradicted, and in our opinion the Deputy Commissioner erred as a matter of law in holding the claim of the mother for full compensation benefits to be valid. The evidence clearly reveals, *884 and as a matter of fact the Deputy Commissioner found, that the deceased was exceeding the speed limit and was driving far in excess of the limit imposed by law. Not only was the deceased violating the speed restrictions, but he violated several other traffic regulations. It was established without contradiction that claimant’s mission was not of a character that can possibly be described as an ‘emergency’ measure. The evidence is to the contrary, in that claimant was proceeding on a routine work mission. Under the facts and circumstances in the instant cause and the evidence adduced, same being uncontradicted, we are of the opinion that the Deputy Commissioner erred as a matter of law and that the claim for workmen’s compensation dependency benefits in excess of the 75 per cent being paid by the employer and carrier should be denied.”
The legal effect of F.S. Section 440.09(3), F.S.A. as it applies to traffic law violations has been discussed by this court in the cases of Gregory v. McKesson & Robbins, Inc., Fla., 54 So.2d 682 and White v. C. H. Lyne Foundry & Machine Co., Fla., 74 So.2d 538. It is well settled by these authorities that the mere violation of a statute, ordinance or regulation does not constitute willful misconduct as a matter of law. In order for the statute to have effect there must be an intentional commission of an act violative of a statute with knowledge that such act is likely to result in serious injury, or the illegal act must be done with a wanton disregard of probable consequences.
This is not, strictly speaking, a case involving the competent, substantial evidence rule as stated in United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741. The deputy based his award, not on any affirmative evidence that the violation was not willful but upon a lack of evidence of willfulness.
However, in a case where, as here, the evidence is not in dispute, such evidence may be subject to varying inferences. The drawing of inferences and conclusions from the evidence in an administrative proceeding is the function of the trier of fact, in this case the deputy commissioner, and not that of the reviewing court or agency. 73 C.J.S. Public Administrative Bodies and Procedure § 221. See also City Ice & Fuel Division v. Smith, Fla., 56 So.2d 329; Martin v. Board of County Commissioners, Fla., 79 So.2d 513. This is true notwithstanding the fact that the evidence may be susceptible of a conclusion contrary to that reached by the trier of fact. It is only when the evidence is of such a character as to inevitably and inescapably admit of but one conclusion which is contrary to that reached by the.trier of fact that the reviewing body will be justified in reversing and in holding that the findings below were erroneous as a matter of law. 73 C.J.S. Public Administrative Bodies and Procedure § 221.
In light of these principles, we are of the opinion that the full commission was in error in holding that the evidence established as a matter of law that the deceased had willfully violated a safety statute. It appears that the evidence herein does not point inevitably to willfulness, but that other inferences could reasonably be drawn therefrom. For example, the commission in its order mentions in support of its holding, that the deceased had crossed the double yellow line and was on the wrong side of the highway at the point of impact. Rather than infer willfulness from this fact, it is equally as reasonable to conclude that the deceased may have seen the truck ahead of him just prior to the accident, and that he instinctively swerved to the left in a vain attempt to avoid the collision. Such instinctive reaction would negative willfulness.
For the reasons stated, the order of the Industrial Commission must be, and it *885 hereby is reversed, and the cause is remanded with directions to reinstate the award of the deputy commissioner.
It is so ordered.
THOMAS, C. J., and TERRELL, ROBERTS and O’CONNELL, JJ., concur.