THE CARBON FUEL COMPANY, *a Corporation, v.* STATE COMPENSATION COMMISSIONER

(No. 7247)

Submitted March 19, 1932.   Decided April 26, 1932.

*Hillis Townsend,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for Compensation Commissioner.

HATCHER, PRESIDENT:

This is an appeal from an award of the State Compensation Commissioner to the dependents of Charles Hammons, de-

ceased. He was employed as a coal miner by The Carbon Fuel Company which is a subscriber to the workmen's compensation fund. His death was caused by contact with an electric wire while riding a trip of loaded cars out of the mine.

The evidence shows that the decedent had been employed by the Fuel Company for about three years before his death; that it was the custom of the company to deliver to the miners copies of the state mining law about every six months during that period and a receipt of Hammons was introduced showing that he had received from the company a copy of the state mining laws on February 14, 1931; that sometime prior to the accident Truman Johnson, mine foreman of the defendant, saw the deceased riding on a trip of cars and advised him that it was against the state law for miners to ride the trip and warned him that he would be discharged if he did so any more, and the deceased then promised him that he would not do so; that just a few seconds before the fatality, Hayes Williams, a fellow employee, asked the deceased to get off the trip and walk with him, but deceased replied he was in a hurry to get to the store, etc., and then Williams said jokingly "here comes Truman" (meaning Truman Johnson, the mine foreman), and the deceased replied in substance that he was going to ride even if he did get fired. This conversation between Hayes Williams and the deceased was heard and testified to by George Quesenbury and Howard Williams, who were present at the time.

The statute in question is: "No person, except the person necessary to operate the trip or car shall ride on any loaded car, or on the outside of any car, or get on or off a car while in motion." Code 1931, 22-2-62. Section 82 of the same article, makes the violation of this statute a misdemeanor. None of the above evidence was controverted, and it demonstrates clearly that the deceased had actual notice of the statute and willfully violated it. Code 1931, 23-4-2, provides that compensation shall not be made in case of injury caused by willful misconduct.

Willful violation by an employee of a statute designed for his protection is willful misconduct. As was said by the

supreme court of Michigan in a similar case: "Such reckless disregard of the statute and invitation of the very consequences the statute was enacted to avoid, being a voluntary act on the part of the deceased involving plan and effort and calculation, and not being in furtherance of any of his duties nor under the direction of his superior, constituted intentional and willful misconduct on his part and bars compensation to his dependents." *Fortin* v. *Beaver Coal Co.*, 217 Mich. 508, 511, 187 N. W. 352, 353. See generally *Red Jacket, etc.*, v. *Commissioner*, (W. Va.) 162 S. E. 665.

The award is therefore set aside, and the claim dismissed.

*Set aside; dismissed.*