DENVER CLYDE FORSYTH *v.* STATE COMPENSATION
COMMISSIONER *et al.*

(No. 9366)

Submitted September 29, 1942. Decided November 24, 1942.

*James G. Jeter, Jr.,* for appellant.
*File, Scherer & File,* for appellees.

LOVINS, JUDGE:

This is an appeal from a ruling of the Workmen's Compensation Appeal Board, reversing an award made by the Compensation Commissioner to claimant, Denver Clyde Forsyth, on the ground that at the time of his injury claimant was violating a safety rule of his employer.

Forsyth was employed by the Koppers Coal Company as a coal loader in its No. 6 mine, at Stanaford, West Virginia, where he had worked only a short time, but he asserts that he had thirteen years' experience as a coal miner. He was injured on July 18, 1941, when he was caught beneath a slate fall.

About three hours prior to the accident, Forsyth's foreman was in the place where the accident occurred, at which time he instructed W. P. Allen, also a coal loader working with Forsyth, to set posts three feet apart on ac-

count of the dangerous condition of the roof. The foreman and Allen say that Forsyth was in the immediate vicinity when the instructions were given, but Forsyth says he was some distance away and did not hear the specific instructions given, and that the foreman only gave him a general instruction or admonition to "make yourself safe". The foreman testified that the working place "was timbered to standard" at the time of his visit. A number of witnesses say that on examination of the place where the accident occurred a short time after the slate fall, it appeared to have been insufficiently timbered at the time of the accident.

A copy of the safety rules issued by the employer was given Forsyth, but the rules had not been approved by the state compensation commissioner. The particular rule in question here is rule No. 4, reading as follows:

> "On entering his working place, each miner shall make a careful examination of same, and take down all dangerous slate, with a slate bar, or make it safe by proper timbering. Safety posts shall be set in accordance with instructions before starting work."

As stated, the Appeal Board found that Forsyth, at the time of his injury, was wilfully violating the safety rules of his employer, and reversed the Commissioner's award for that reason. The contention is now made that Forsyth wilfully disobeyed the rule herein quoted, and that such disobedience amounted to wilful misconduct, barring compensation under Code, 23-4-2, as amended. Under that statute wilful disobedience to safety rules and wilful misconduct are distinct and separate reasons for denial of compensation, and when wilful disobedience to rules or regulations is relied on to defeat a claim for compensation, approval of the rules or regulations by the commissioner must appear. *Prince v. State Compensation Commissioner*, 123 W. Va. 67, 13 S. E. 2d 396.

Admitting that such rules were not approved by the commissioner at the time of the injury to Forsyth, the employer contended at the hearing that they may be ap-

proved when the question of their violation arises on a claim for compensation. We do not agree with this contention of the employer. We believe that the plain import of the statute requires that rules and regulations promulgated by an employer, disobedience of which is claimed as a bar to an award of compensation, must be approved by the commissioner prior to the date of the injury out of which the claim for compensation arises.

Citing the case of *Young* v. *State Compensation Commissioner*, 123 W. Va. 299, 14 S. E. 2d 774, the employer argues that knowledge by an employee of a rule and the intentional violation thereof constitute "wilful misconduct" under Code, 23-4-2, as amended. This argument ignores the fact that the opinion in the *Young* case clearly states that the employer's rule was treated as having been approved and posted as required by statute, and no attempt was therein made to alter the holding of the first point of the syllabus in *Prince* v. *Compensation Commissioner*, *supra*.

The employer takes the position that the safety rules, receipt of which is admitted by Forsyth, incorporate, in effect, the provisions of Sections 59 and 60, Article 2, Chapter 22, Code, enacted for the protection of the employee, and that knowledge of the rule carries with it knowledge of the statutes, although the rule was not approved as required by Code, 23-4-2, as amended, and the employee had no notice of the statute. This position is untenable. Knowledge of an employer's safety rule falls short of notice of the provisions of a statute enacted by the Legislature. The connection is too attenuated to be accepted and applied as argued in this case.

This Court has said that an employee must have actual notice of a statute before a violation thereof can be utilized to bar the payment of compensation to him. *The Carbon Fuel Co.* v. *State Compensation Commissioner*, 112 W. Va. 203, 164 S. E. 27; *Prince* v. *Compensation Commissioner, supra;* and *Young* v. *Compensation Commissioner, supra*. Moreover, this contention disregards, and if upheld would render nugatory, the provisions of the statute

with reference to approval of safety rules by the commissioner.

On the showing of the record before us we do not believe that there was wilful disobedience to an approved safety rule or such wilful misconduct on the part of Forsyth so as to authorize denial of compensation to him. Therefore, we reverse the order of the Workmen's Compensation Appeal Board and remand the case for further proceedings in accordance with the principles herein stated.

*Reversed and remanded.*