Essie Barta, *Widow, etc.*

*v.*

State Compensation Commissioner *et al.*

(No. 9794)

Submitted January 29, 1946. Decided February 19, 1946.

*Hillis Townsend,* for appellant.

*Bailey & Shannon,* for appellees.

Fox, Judge:

Essie Barta, widow of Louis Barta, complains of an order entered by the Workmen's Compensation Appeal

Board, on October 6, 1945, reversing an order of the compensation commissioner which allowed compensation to her and her infant daughter, and denying her compensation to which she claims to be entitled by reason of the death of her husband, Louis Barta, on October 28, 1944, in the course of and as the result of his employment while working as a miner for Raleigh-Wyoming Mining Company.

Barta was killed by being crushed by a loaded mine car within his employer's mine, but whether he met his death by falling from the mine car, or was run over by said car while he was on the mine track is not clear; and, in our view, that is the decisive question in this case. One contention of the employer is that, as a result of a breakaway and collision between loaded mine cars, within the mine, Barta was thrown from one of them and crushed to death; and that his being on the mine car was the result of his wilful disobedience of the rules of the coal company, duly promulgated and posted, under Code, 23-4-2, as amended, and constituted wilful misconduct within the meaning of Code, 22-2-62.

Assuming for the moment, that Barta, in disregard of the rules promulgated and posted by the employer, and in violation of Code, 22-2-62, boarded the mine car and was thrown therefrom, two questions are presented: (1) Whether the rules upon which the employer relies were properly promulgated; and (2) whether Barta had actual notice of the provisions of Code, 22-2-62, which prohibited his riding on a mine car, unless he was one of the persons necessary to operate the trip or car. Code, 23-4-2, as amended by Chapter 104, Acts of the Legislature, 1937, provides that: "Notwithstanding anything hereinbefore or hereinafter contained, no employee or dependent of any employee shall be entitled to receive any sum from the workmen's compensation fund * * * on account of any personal injury to or death of any employee caused by a self-inflicted injury, wilful misconduct, wilful disobedience to such rules and regulations as may be adopted by the employer and approved by the

commissioner, and which rules and regulations have been and are kept posted in conspicuous places in and about the work * * *."

In *Bradley* v. *Compensation Commissioner*, 110 W. Va. 89, 157 S. E. 42, we held that to defeat the right of an employee or his dependents to compensation, on the ground that the injury had resulted from his wilful misconduct, the acts constituting the charge must be established by satisfactory evidence in view of all the facts and circumstances of the case. This we understand to mean that the burden always rests upon the employer to establish the fault of the employee, and that the conduct of the latter comes within the terms of the statute quoted above. The employer filed two sets of rules printed on large cardboards, one of which is headed: "COAL COMPANY RULES," and purports to be "In compliance with Rule No. 1, promulgated by C. L. Heaberlin, State Compensation Commissioner, under the provisions of Section 28 of the Workmen's Compensation Law, effective February 15, 1929", and states that "the undersigned Company has formulated and put into effect the following safety rules and regulations to prevent injury to employees.", and, following the rules is the printed name "Raleigh Wyoming Mining Company." The other is headed "RULES ADOPTED BY THE RALEIGH-WYOMING MINING COMPANY", covering certain mines mentioned, which, we understand, include the mine here involved, and it purports to be made in compliance with the requirements of the Acts of the Legislature of 1931. This rule, while it purports to have emanated from the mining company, is not signed by it, and as to neither of the two sets of rules relied upon is there any indication that they have been submitted to or approved by the state compensation commissioner. While they each contain rules prohibiting the riding of mine cars, and appear to have been properly posted about the mine, they do not show on the face thereof, nor is it otherwise shown, that they had been approved by the compensation commissioner. For this reason,

we are of opinion that they do not meet the requirements necessary to bar compensation to petitioner in this case.

In *Billings* v. *State Compensation Commissioner*, 123 W. Va. 498, 16 S. E. 2d 804, we held that proof of actual knowledge by an employee of a safety rule made effective in accordance with Code, 23-4-2, is unnecessary to make its violation wilful within the meaning of the statute, where the record discloses that the employee refrained from taking notice of the rule, which, in effect, imputes to the employee notice and knowledge, constructive or otherwise, of what the rules contain. This being true, we think there should be strict compliance with the statutory requirements in respect to securing approval of the compensation commissioner to any rules promulgated, and that burden the employer in this case has failed to sustain.

Another question, based on an assumption that Barta fell from the mine car, arises under the provisions of Code, 22-2-62, which provides: "No person, except the persons necessary to operate the trip or car, shall ride on any loaded car or on the outside of any car, or get on or off a car while in motion." In *Carbon Fuel Co.* v. *State Compensation Commissioner*, 112 W. Va. 203, 164 S. E. 27, we held: "Willful violation by an employee of a statute designed for his protection is willful misconduct under Code, 1931, 23-4-2, which forbids compensation for an injury caused by such misconduct." See *Young* v. *Compensation Commissioner*, 123 W. Va. 299, 14 S. E. 2d 774. Our holding in *Prince* v. *Compensation Commissioner*, 123 W. Va. 67, 13 S. E. 2d 396, was: "Acts and conduct of an employee violating a statute, so as to constitute willful misconduct, within the meaning of Code, 23-4-2, as amended by Chapter 104, Acts 1937, must be done with notice of the statute and in willful disobedience thereof." To the same effect is *Young* v. *Compensation Commissioner, supra,* and *Chiericozzi* v. *Compensation Commissioner*, 124 W. Va. 213, 19 S.E. 2d 590.

The record discloses that a copy of the State Mining Law was delivered to Louis Barta, and we think such delivery amounted to actual notice of what the mining law contained, including the provision quoted above which prohibited certain persons from riding on mine cars. To require an employer to give any other or further notice of what the statute contains would be to require a practical impossibility. It would, in most cases, be impossible to establish the fact of actual notice, and we think a reasonable view is that when a copy of the mining law is furnished to an individual employee, he is charged with actual notice of what it contains. If an employee violates it in a wilful manner, he is barred from compensation. On the assumption that Barta was on the mine car and fell therefrom, resulting in his death, we think he would clearly have been guilty of wilful misconduct under circumstances such as would bar compensation.

But this does not settle the factual question involved in this case as to whether Barta was killed by falling from the mine car, or was run over and crushed thereby, while on the track in the mine. It is clear that his death occurred while in the course of and resulting from his employment. He had completed his day's work and was attempting to leave the mine. No one saw him on the mine car. All that is clearly shown is that he and his "buddy" were seen at a point about nine hundred fifty feet from the place where his body was found. His "buddy" did get on the motor up near the front of the train. The train moved in the direction of the mouth of the mine; an accident occurred, in which some cars in the rear became detached from the front cars of the train; and in some way there was a collision which derailed several cars. The employer contends that Barta was on one of the cars near the end of the train and was thrown therefrom and killed; that it would have been impossible for Barta to have been at the point where he was killed except by riding one of the coal cars; and that the time employed in moving the train of coal to the

point where the accident occurred, or beyond it, was too short to have permitted Barta, in the meantime, to have walked the distance of some nine hundred fifty feet. This is by no means made clear by the record. It is not clearly shown how much time elapsed, after the train of cars started from the point at which Barta was last seen, until the accident occurred in which he met his death. One witness, Edmundson, in an affidavit says, "It is estimated that the trip would travel that distance in a minute or two and Louie Barta could not have walked that distance in that time." No one says that only a minute or two had passed from the time Barta was last seen alive until the time of the accident. It is all inference and speculation. If three or more minutes passed, it is entirely possible that Barta could have walked the track and reached the point where he was killed. It is not possible to gauge how fast an ordinary pedestrian would walk in a coal mine, so many different conditions might exist which would facilitate or retard his progress. If we say he might have travelled at the rate of three miles per hour, that would be travelling one mile in twenty minutes, and if he travelled approximately a sixth of a mile, it would have taken him a little over three minutes to do so. We cannot, under the circumstances of this case, deprive a dependent widow and her child of compensation on fine theories growing out of inference and speculation as to time. There is very plausible ground for the contention that Barta must have been on the mine car, and must have met his death by falling therefrom; but the burden is on the employer to show that such was the case by a clear proof, which has not been forthcoming.

The ruling of the compensation appeal board will, therefore, be reversed on the ground that there has been a failure to establish that the death of Louis Barta resulted from his riding one of the mine cars of the employer; and the case will be remanded to the appeal board with directions to reinstate the order of the compensation commissioner.

*Reversed and remanded.*

LOVINS, JUDGE, concurring in result:

I concur in the result, but I do not agree that delivery of a copy of a statute to an employee, without more, charges such employee with actual notice of its provisions and penalizes the employee and his dependents with loss of compensation benefits under Code, 23-4-2, as amended by Chapter 104, Acts of the Legislature, 1937.

Wilful violation by an employee of a statute enacted for his protection is wilful misconduct, and bars an employee and his dependents of the right to compensation benefits. *Carbon Fuel Co.* v. *Comp. Commr.*, 112 W. Va. 203, 164 S.E. 27.

The question here is: Can wilful violation of a statute be predicated upon presumed notice, inferred notice, or notice "charged" to an employee? In *Fuel Co.* v. *Comp. Commr.*, *supra*, the employee was given a copy of the mining laws of the State. His foreman saw him riding on a trip of cars in violation of the statute, chided him and advised him that he would be discharged for a repetition of the act, and just prior to the fatal accident a fellow-employee directed his attention to the fact that he was violating the statute. The acts of the deceased clearly showed that his violation was intentional and wilful. The principle to be applied in such instances is epitomized in the following excerpt from the opinion in the case of *Fortin* v. *Coal Company*, 217 Mich. 508, 187 N.W. 352, 353, quoted with approval in the case of *Fuel Co.* v. *Comp. Commr.*, *supra*: "Such reckless disregard of the statute and invitation of the very consequences the statute was enacted to avoid, being a voluntary act on the part of the deceased *involving plan and effort and calculation*, and not being in furtherance of any of his duties, nor under the direction of his superior, constituted intentional and willful misconduct on his part and bars compensation to his dependents." (Italics supplied).

Following the decision in *Carbon Fuel Co.* v. *Comp. Commr.*, *supra*, this Court had the same question before it in three cases, and the manner in which the principle was treated in those cases is set forth in the following

quotations from the opinions therein: "* * Before such violation can be asserted as a bar to benefits under the Compensation Law, it must be shown that the employee had actual notice thereof and disregarded the same." *Prince* v. *Compensation Commissioner*, 123 W. Va. 67, 69, 13 S.E. 2d 396. "Knowledge, deliberation and intent are the necessary factual basis to establish wilful misconduct." *Young* v. *Comp. Commr.*, 123 W. Va. 299, 303, 14 S.E. 2d 774. In *Chiericozzi* v. *Compensation Commissioner*, 124 W. Va. 213, 217, 19 S.E. 2d 590, Judge Fox, after discussing and stating the rule laid down in *Fuel Co.* v. *Comp. Commr.*, *supra*, uses the following language: "But as corollary thereto we held in *Prince* v. *Compensation Commissioner* * * * and *Young* v. *Compensation Commissioner* * * * that actual knowledge of the statute was a prerequisite to its wilful violation. A different rule prevails when there is disobedience to rules and regulations, approved by the Compensation Commissioner * * *."

The rule prior to the decision in the instant case was well established that actual notice of a statute must be given to an employee, and that a violation of such statute following actual notice is planned and calculated. The factual basis is necessary before it can be logically said that an employee planned or calculated to violate a statute. It is my opinion that in the instant case the Court has departed from the rule requiring actual notice of the statute before an employee is charged with wilful violation thereof.

The Court's opinion in the instant case states that to require the employer to give notice other than by delivery of a copy of a statute to the employee would require a practical impossibility. I do not think so. The attention of a prospective employee could be invited to the provisions of the statute when he is employed and notice of amendments to the statute could be given to all employees by word of mouth.

I think actual notice, or as stated in the case of *Chiericozzi* v. *Compensation Commissioner*, *supra*, actual

knowledge cannot be assimilated with presumed or inferred notice based on delivery of a copy of the statute. A statement that actual notice may be charged to a person involves a contradiction. If an employee has actual notice of the statute, as in *Fuel Co.* v. *Comp. Comr.*, *supra*, there is no occasion to charge him with notice. If he is charged with notice from the fact that a copy of the statute has been given him, notice may be presumed, inferred or charged to him, but such notice is in no sense actual.

As has been said many times in the opinions of this Court, the Workmen's Compensation Law was enacted for beneficent purposes. I think the beneficence of the statute is adversely affected in the particular here discussed, by the holding set forth in the first point of the syllabus in this case. I regard that part of the opinion herein as an incorrect application of the provisions of Code, 23-4-2, and Code, 22-2-62.

It is my view that actual notice may not be charged, presumed or inferred from delivery of a copy of the statute to an employee. I do not believe the holding in the instant case, in which an employee is charged with actual notice of the contents of a statute is supported by reason or authority. I would adhere to the former holdings of this Court in the *Prince*, *Young*, and *Chiericozzi* cases.