### SMITH *vs.* BROWN *et al.*

B. was indicted for perjury, in an answer to a bill in Chancery filed against him by S., and was tried and convicted by a jury. S. appeared as prosecutor, but was not sworn as a witness on the trial, and B. moved in arrest of judgment and for a new trial, and before the

motions were disposed of, died: *Held,* That the record in the criminal suit could not be used as evidence in the chancery suit to discredit the answer.

A defendant will not be allowed to depart from the defense set up in his answer, and to avail himself of another, however clearly he may be able to establish it.

Appeal by complainant from a decree of the Court of Chancery dismissing his bill. The principal question in the case was one of fact, regarding the design and object of a deed executed by complainant to defendant, on which there was conflicting testimony, and a number of witnesses had been examined by each party. The only other questions noticed in the opinion of the court are, one respecting the admission of evidence, and another relative to the defence defendant might make under his answer.

*Stuart & Miller,* for appellant.

*Gurney & Hammond,* for appellee.

Upon the questions noticed in the statements, the Court by GREEN, J. say:

Before the proofs were finally closed, the complainant offered in evidence a certified copy of an indictment against William B. Brown, charging him with perjury, in that portion of his answer relating to the character and object of the deed from the complainant to Brown, and the execution and payment of the bond for $2000, as a full consideration for the deed, and of Brown's trial and conviction by a jury thereon, and also of motions in arrest of the judgment, and for a new trial made upon the rendition of the verdict, which motions were reserved and held over for advisement by the Court, until the next term thereof. It was stipulated by the Solicitors that these proceedings might be read in evidence on the hearing of this cause, with the like effect as if the same had been proved before a master, under the rules of Court.

On the argument it was conceded that Brown died before the motions were determined, and no judgment was ever pronounced upon the verdict.

The object of introducing these proceedings was to discredit Brown, and destroy the effect of his answer, while it is contended on the part of the defendants that they are not competent, and can have no effect

for that purpose. This presents an interesting question. It was but little argued, however, upon the hearing, and no authorities were cited upon either side; nor have I been able to find any which seem to meet it precisely. In the case of the King *vs.* Boston, (4 *East.*, 572,) the defendant had been indicted for perjury, alleged to be contained in his answer to a bill in equity; and on the trial the complainant was offered as a witness, and objected to as incompetent, on the alleged ground that he was interested to procure a conviction, which might be made use of by him to influence the event of the suit in equity, and to obtain a perpetual injunction. The complainant was admitted as competent, and the defendant was committed; and the Court of King's Bench, upon a rule *nisi* for a new trial, held that the complainant was properly admitted, on the ground that no use could be made of the conviction by him, in any case.

In the case of Bartlett *vs.* Pickersgill, cited by counsel in Rex *vs.* Boston, the defendant having by his answer denied the trust, was indicted for perjury in that particular, and convicted on the evidence of the complainant, circumstances confirming that testimony, and proof by other witnesses of a declaration by the defendant. Afterwards the complainant petitioned for leave to file a supplemental bill, in the nature of a bill of review, stating this conviction. But Lord Keeper Henley dismissed the petition on the ground that no use could be made of the conviction for any purpose of the prosecution in his suit in equity. Some cases were also cited in which a contrary doctrine had been held, but the principle laid down in that case was considered by the Court of King's Bench as at that time well established. The complainant in this case appeared as the prosecutor of the indictment, and would unquestionably have been a competent witness upon the trial, though he was not used as such. If so, does the fact of his not being a witness on that trial, make the finding of the jury, evidence in his favor in this suit to destroy the answer? Had judgment been rendered upon the verdict, this question would have arisen, but motions having been made in arrest of judgment and for a new trial, which remained pending and undetermined until the death of Brown put an end to the prosecution, I am unable to discover upon what principle these proceedings can be regarded as evidence of the falsity of the an-

swer. This Court is not put in possession of the grounds upon which the motion for a new trial was predicated, nor does it seem to me proper that we should look into the record for the purpose of determining whether the motion in arrest of judgment was well founded. The proceedings certified show that the Circuit Court held these motions under advisement, which evinces that they were not regarded by that Court as frivolous. In the meantime, Brown could not be regarded as a convicted felon, nor do the proceedings afford us any legal evidence of his guilt. The verdict of the jury would not at common law, render Brown incompetent as a witness on the ground of infamy, nor, I apprehend, can those proceedings be used to discredit his answer.

Another question which was made upon the argument, and strongly urged by the counsel for the defendants, may more properly be disposed of before entering upon the discussion of the issue, as presented by the pleadings. There was some evidence introduced, tending to show that the complainant executed the deed to Brown, instead of giving him a power of attorney, for the purpose of defrauding his creditors, and it was urged that for this reason the complainant was not entitled to relief. However good such a defense might have been, had it been set up in the answer, it is sufficient to say that it is not put in issue by the pleadings. It is a well established and most salutary rule of the Court of Chancery, to found its decrees upon some matter put in issue between the parties by the bill and answer. James *vs.* McKernon, (6 *J. R.*, 543,) Governeur *vs.* Elmendorf, (5 *J. Ch. R.*, 79.) The complainant charges in his bill that the deed was intended to operate as a power of attorney between the parties, and that no consideration was paid or agreed to be paid by Brown. The answer fully denies these statements of the bill, and sets forth that on the contrary thereof, it was intended and understood to be an absolute conveyance, and that a good consideration was agreed to be paid, and was fully paid to the satisfaction of the complainant, for the property embraced in the deed. No fact or circumstance is stated in the pleadings on either side, going to show that the deed was made to hinder, delay or defraud creditors, and it was therefore improper to introduce testimony for the purpose of establishing such a fact. A defendant cannot be allowed thus to depart from the

defense set up in his answer, and avail himself of another, however clearly he may be able to establish it. It would operate as a surprise upon the complainant, and he could not be prepared to meet it.

Decree affirmed.