DIAMOND v. HOLSTEIN.

1. AUTOMOBILES—INTERSECTIONS—PROXIMATE CAUSE—EVIDENCE.
    Evidence, presented in action arising out of collision at T-inter-
    section of north-and-south road and road to the east between
    northbound car in which plaintiff was a passenger and de-
    fendants' westbound left-turning car, which was such as to
    permit jury to  find that plaintiff's car was behind the hill
    200' south and not within defendant driver's vision when he
    stopped and then started into the intersection, that plaintiff's
    car covered the distance from the hill to the corner at an
    excessive speed for an icy road, that defendant should be
    accorded the right-of-way as he came into the intersection
    first from plaintiff's right, and that' had defendant driver
    seen plaintiff's car it would have been too late for such driver
    to do anything else to avert the collision, hence, was not a
    proximate cause of the collision, justified trial court's refusal
    to direct verdict of liability for plaintiff, the evidence of
    entry of defendant driver's plea of guilty to a charge of unsafe
    driving being evidence, but not conclusive proof, that he was
    guilty of negligence proximately causing the accident.

2. SAME—T-INTERSECTIONS—RIGHT-OF-WAY.
    The rights and duties of drivers who approach on 2 roads forming
    a T-intersection of roads in which neither is otherwise legally
    favored over the other, are not to be measured in the same
    way as if they were due to enter a typical right-angled inter-
    section of highways where both ways continue through and
    beyond the intersection, especially where situation was com-
    plicated by high bank of plowed snow necessitating a "slanting
    out" movement (CLS 1956, § 257.649).

Appeal from Wayne; Bowles (George E.), J. Sub-
mitted February 7, 1964. (Calendar No. 58, Docket
No. 50,320.) Decided May 4, 1964.

Case by Phyllis Diamond against Louis H. Hol-
stein, Jean Erlandson, and Leone Erlandson for per-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 369 *et seq.*
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 736.

sonal injuries sustained in automobile collision on January 27, 1959. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Earl T. Prosser* and *James W. Cowell (Charles R. Cole,* of counsel), for plaintiff.

*Cary, BeGole & Martin,* for defendants.

DETHMERS, J. Plaintiff, a passenger in a northbound automobile driven by her husband, was injured in a T-intersection collision with a westbound automobile driven by defendant Holstein, owned by defendants Erlandson and occupied by Mrs. Erlandson as a passenger. Plaintiff sued for resultant damages. Decision on plaintiff's motion, made at the conclusion of the proofs, for directed verdict as to liability was reserved. Judgment on jury verdict of no cause for action entered in favor of defendants after plaintiff's motions for directed verdict and judgment *non obstante veredicto* were denied. Plaintiff appeals.

Defendants drove west on a road which ended at the intersection and there undertook to turn south. Plaintiff's automobile came from the south over the crest of a hill 200 feet south of the intersection. In the area where the accident happened both roads were gravel or dirt, there were no stop or other traffic signs or signals, and neither road was favored over the other. The roads were covered with ice and snow. The line of vision between them was obstructed or restricted by snow banks 3 feet high and by brush and trees. Defendant driver admitted that he did not see the car in which plaintiff was passenger before the impact. He testified that as he came to the intersecting road he stopped 10 to 15 feet from it, looked to his right and left and there

was nothing coming, that he then started up gradually, to make a left turn, still could see nothing coming from his left, that he had difficulty in gaining traction on the ice and his car was moving slowly with the wheels spinning, and that if it had not been for the ice he would have been able to escape the other car. He also admitted that he had entered a plea of guilty to a charge of unsafe driving before a justice of the peace in connection with this accident.

Plaintiff claims she was entitled to a directed verdict of liability because of defendant driver's admission of not having seen her car until time of impact and also, apparently, because of his guilty plea to the traffic violation charge. There was conflict in the testimony as to the speed of plaintiff's car when and after it came over the crest of the hill. Some testimony, as already noted, indicated that defendant driver stopped, looked, entered the intersection when no car was in sight to the south, and was struck because the plaintiff's car came at excessive speed and failed to accord defendant's car, first in the intersection, the statutory right-of-way to which it was entitled because it had come from plaintiff's right. Testimony in the record discloses questions of fact for the jury as to how the accident happened. To paraphrase and amplify what this Court said in *Todd* v. *Simonis*, 370 Mich 342, the jury here would have been entitled to believe from the proofs in this case, (1) that plaintiff's car was behind the hill and not within defendant driver's range of vision when he stopped and then started into the intersection, (2) that plaintiff's car covered the distance from a point beyond the crest of the hill to the point of impact more quickly than defendant driver could reasonably be required to expect it would on the icy road because it was traveling at an excessive or unsafe speed, (3) that inasmuch as he was coming from the right and reached the intersection when no

car was within sight 200 feet to the south he might properly rely on the assumption that any possible driver coming from the left would accord him the statutory right-of-way, and (4) that had defendant driver, when entering the intersection, seen plaintiff's car coming over the top of the hill at such unsafe speed it already would have been too late for him to do anything other than he did do to avert the accident and, hence, his negligence, if any, in failing to see plaintiff's car earlier was not a proximate cause of the accident. This does not make out a case against defendant driver of negligence which was a proximate cause of the accident as a matter of law. As for the guilty plea in the criminal case, the plea could be considered as evidence of negligence, and it was received into evidence and was before the jury for such consideration, but it was not conclusive thereof so as to entitle plaintiff to a directed verdict as to liability or an instruction that defendant driver was guilty of negligence which was a proximate cause of the accident as a matter of law. *Anders* v. *Clover,* 198 Mich 763. The trial court did not err in declining to direct a verdict of liability in favor of plaintiff.

Did the court err, as plaintiff contends, in instructing the jury with respect to the assured-clear-distance-ahead statute, CLS 1956, § 257.627, as amended by PA 1957, No 190 (Stat Ann 1957 Cum Supp § 9.2327)? If, as plaintiff's driver claims, he was traveling at only 25 to 35 miles per hour and defendant's car suddenly darted into the intersection only about 10 or 15 feet ahead of plaintiff, leaving plaintiff's driver unable to avoid striking defendant's car, there would be merit to plaintiff's contention. If, on the other hand, testimony and reasonable inferences therefrom are that defendant's car was entering the intersection slowly before or when plaintiff's car was coming over the hill 200 feet

away at a speed such that plaintiff's driver could not bring it to a stop before reaching the intersection, then violation of the statute was a question properly to be submitted to the jury. *Hoag* v. *Fenton,* 370 Mich 320; *Cole* v. *Barber,* 353 Mich 427. There having been a dispute in testimony in those respects, it was proper to give the charge.

Error is also claimed in that the court instructed the jury that defendants had the burden of proof as to the negligence of plaintiff's driver. The court already had told the jury that any negligence it might find as to him was not chargeable to plaintiff as a passenger. After the jurors had retired to consider the case the court recalled them and the following occurred:

"*The Court:* Good morning, ladies and gentlemen of the jury. The court on its own initiative wishes to correct the mistake it made yesterday in its charge to you as to the law.

"The court charged you that the burden of proof as to the negligence of plaintiff's driver was on the defendants in this case. That is erroneous and must be disregarded by you, because in this case there is no issue of the contributory negligence of plaintiffs."

Counsel for both sides expressed their approval at the time. The correct law had been stated before and was re-emphasized after the making of the statement of which complaint is made. Considering the charge in its entirety, reversible error did not occur.

Affirmed. Costs to defendants.

KELLY and O'HARA, JJ., concurred with DETHMERS, J.

BLACK, J. (*concurring in affirmance*). I agree that the defendant driver's plea of guilt to the criminal charge did not authorize an instruction that

he was guilty as a matter of law of negligence, causal or otherwise. I agree further that such plea "could be considered as evidence of negligence." I agree finally that the trial judge did not err in refusing to direct a verdict of liability in favor of the plaintiff burden-bearer.

Legal reasons for this last appear over my signature and that of Chief Justice KAVANAGH in *Nabozny v. Hamil*, 361 Mich 544. Moreover, and quite aside from such legal reasons, the conflicting proof of the separate actions of both drivers, considered in the light of the unusual weather conditions and the effect thereof upon vision, acceleration and deceleration, gave rise to a typical jury question whether the defendant driver was negligent and, if so, whether such negligence was actionable.

I am unable to agree that we should say, or even infer, that the favor accorded by statute (CLS 1956, § 257.649 [Stat Ann 1957 Cum Supp § 9.2349]) to the driver who approaches from the right has application to this right-angled country "T" intersection case. Such a ruling would be an invitation to more intersectional collisions—in right-angle country intersections forming a "T"—and would run counter to popular as well as sensible understanding that the driver proceeding toward the top bar of the "T", since he must either stop, turn left, or turn right, is supposed to yield the first right of passage to the straightaway traveling motorist.

The question of right-of-way in this case was complicated by the fact that the county snowplow had left a quantity of high banked snow (triangular in shape we gather) in the center of the east-west road where the latter intersected the north-south road.* On that account it was not possible for a

---

* Neither way was favored over the other by a "stop" or "yield" sign. It was established, by preponderance if not beyond dispute,

westbound motorist to approach and enter the north-south road in the conventional way required by statute. He had to "slant out" to right or left, depending on intent of turning north or south, and his duty was governed in part by another statute (CLS 1956, § 257.648, as amended by PA 1958 No 166 [Stat Ann 1960 Rev § 9.2348]) which requires that a driver proposing to turn from a direct line "shall first see that such movement can be made in safety."

So far as due diligence discloses, it has not as yet been held in our State that a driver proceeding straight ahead on a country road, intersected at right angles by another road ending in the intersection, neither way being otherwise legally favored over the other, must yield first passage to the "vehicle on the right." The rights and duties of both drivers in such instance are not to be measured in the same way as if they were due to enter a typical right-angled intersection of highways where both ways continue through and beyond the intersection.

It is enough to say, decisionally of this case, that the conflicting testimony authorized the jury to find either that the defendant driver was causally negligent or that he was not. The jury found in negation. Accordingly, and looking at the record through foregoing precepts, I agree that no reversible error has been made to appear and that the circuit court's judgment should be affirmed.

Kavanagh, C. J., and Adams, J., concurred with Black, J.

---

that the north-south highway—forming so to speak the top bar of the "T"—was the more heavily traveled way. It was a designated county road (No. 605) and 1 of the alternate highway routes (the shorter) between Rose City and West Branch.

SOURIS, J. (*concurring in affirmance*).  I concur in Mr. Justice BLACK's opinion excepting only for his reference to his own dissenting opinion in *Nabozny* v. *Hamil,* 361 Mich 544.

SMITH, J., concurred with SOURIS, J.