UNITED STATES of America, Plaintiff,

v.

EAGLE BEEF CLOTH COMPANY, Inc., Defendant.

Civ. No. 64-C-686.

United States District Court E. D. New York.

Oct. 28, 1964.

Joseph P. Hoey, U. S. Atty., E. D. New York, for plaintiff. George L. Barnett, Asst. U. S. Atty., of counsel.

Burke & Burke, New York City, for defendant. Alexander R. Hamilton, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff moves for partial summary judgment.

The action is brought, pursuant to 31 U.S.C. §§ 231, 232, to recover damages allegedly sustained as a result of false claims filed by the defendant with the Commodity Credit Corporation.

■ On April 8, 1963, the defendant, through its president, entered a plea of guilty in this court on Counts 7, 8, 9 and 10, alleging the filing by the defendants of false claims against the plaintiff. It is not disputed that Counts 7 and 9 of the indictment included all of the allegations contained in paragraphs 10 and 11 of the complaint.

In United States v. Guzzone, 2 Cir., 273 F.2d 121, the Court said:

"It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding, but such estoppel extends only to questions distinctly put in issue and directly determined in the criminal prosecution."

See also Emich Motors v. General Motors, 340 U.S. 558, 569, 71 S.Ct. 408, 95 L.Ed. 534; United States v. Accardo, 113 F.Supp. 783, 786, affirmed 208 F.2d 632, certiorari denied 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098.

In substance the said allegations are as follows:

1. That on or about April 16, 1961, the defendant presented a claim to the Commodity Credit Corporation, a Government agency, in the sum of $588.69 knowing such claim to be false.

2. That on or about the 3rd day of August, 1961, the defendant presented a claim to the said corporation, in the sum of $394.13, knowing such claim to be false.

The plaintiff seeks a summary judgment for $5,965.64, constituting the aggregate of said claims, doubled, plus $4,000 in penalties, authorized by the said statute. The portion of the said statute, insofar as it is applicable, is as follows:

"Any person * * * who shall make or cause to be made, or present or cause to be presented, for payment or approval, to * * * any person or officer in the civil, * * * service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent * * * shall forfeit and pay to the United States the sum $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit."

■ The defendant contends that the plaintiff may not recover unless it establishes fraud and deceit on the part of the defendant. The defendant misconstrues the statute. Liability follows if the claim be false or if it be fictitious or if it be fraudulent.

In its moving affidavit, the plaintiff avers that it paid the subsidies to the defendant. The defendant does not deny such payment.

The motion is in all respects granted. Settle order on notice.