KLOOSTERMAN v. KALAMAZOO CITY LINES, INC.

1. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE—SERVANT'S AD-
MISSION—RES GESTAE.

A statement in the nature of an admission by an employee is
not admissible against his employer so as to bind that em-
ployer, unless that statement is a part of the *res gestae,*
authorized by the employer, or was made by that employee
within the scope of his employment.

2. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE—SERVANT'S AD-
MISSION—ADMISSIBILITY.

Bus driver's prior plea of guilty to a charge of failing to
exercise due care when the bus he was operating struck plain-
tiff's vehicle was not admissible as evidence of negligence
against defendant bus company where that bus driver was
not a party defendant.

3. NEGLIGENCE—NEGLIGENT ENTRUSTMENT.

Negligent entrustment is still valid theory in Michigan.

4. NEGLIGENCE—NEGLIGENT ENTRUSTMENT—JURY—SUBMISSION OF
FACTS.

An action against a bus company was properly submitted to a
jury on a theory of negligent entrustment where questions
of fact existed as to defendant's proper maintenance of its

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur, Master and Servant § 596.
Admissibility as res gestae of statements or exclamations relating
to cause of, or responsibility for, motor vehicle accident. 53
ALR2d 1245.

[2] 29 Am Jur 2d, Evidence § 701.
Conviction or acquittal as evidence of the facts on which it was
based in civil action. 18 ALR2d 1287.

[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 573.
Liability of owner for negligence of one to whom car is loaned
or hired. 68 ALR 1008, 100 ALR 920.
Common-law liability based on entrusting automobile to in-
competent, reckless, or unlicensed driver. 168 ALR 1364.

buses, whether defendant's bus driver had been given proper instructions, and whether defendant's driver was qualified to drive a bus.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 November 6, 1969, at Grand Rapids. (Docket No. 6,235.) Decided February 4, 1970. Rehearing denied March 16, 1970. Leave to appeal granted October 12, 1970. 384 Mich 763.

Complaint by Richard J. Kloosterman against Kalamazoo City Lines, Inc., a Michigan corporation, for injuries sustained in a motor vehicle collision. Judgment for plaintiff. Defendant appeals. Reversed and remanded for a new trial.

*Eugene Field,* for plaintiff.

*Ford, Kriekard, Brown & Staton,* for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

R. B. BURNS, J. Larry Schaftenaar, a bus driver for the defendant company, was operating one of the defendant's buses when it struck plaintiff's truck in the rear. Schaftenaar pled guilty in the Kalamazoo municipal court to the charge of failing to exercise due care. Plaintiff did not join Schaftenaar as a party defendant but sued the defendant on the theory of negligent entrustment.

Before the trial plaintiff took Schaftenaar's deposition and during the questioning elicited from him that he had pled guilty to failing to exercise due care. During plaintiff's case in chief this deposition was admitted and read into evidence. Defendant objected to the admission of Schaftenaar's guilty plea claiming the guilty plea was admissible only

for impeachment purposes. The court ruled that the guilty plea could be admitted as substantive evidence of defendant's negligence.

The jury returned a verdict for plaintiff and defendant appeals claiming the court erred by admitting Schaftenaar's guilty plea as evidence of negligence and that there was not sufficient evidence for the court to submit the case to the jury on the theory of negligent entrustment.

MCLA § 257.731 (Stat Ann 1968 Rev § 9.2431) states:

"No evidence of the conviction of any person for any violation of this chapter or of a local ordinance pertaining to the use of motor vehicles shall be admissible in any court in any civil action."

By order of the Supreme Court, GCR 607* was promulgated. It is entitled "Cross-Examination for Credibility" and states:

"During the trial of civil actions the rules of evidence approved in *Van Goosen* v. *Barlum* (1921), 214 Mich 595; *Zimmerman* v. *Goldberg* (1936), 277 Mich 134; *Socony Vacuum Oil Co.* v. *Marvin* (1946), 313 Mich 528; *Cebulak* v. *Lewis* (1948), 320 Mich 710, and reenacted by PA 1961, No 236, § 600.2158, shall prevail, anything in. § 731 of the Michigan Vehicle Code (CLS 1961, § 257.731 [Stat Ann 1968 Rev § 9.2431]) to the contrary notwithstanding."

While the catchline of the rule would seem to indicate that such questioning is only proper on cross-examination and to test the witnesses' credibility, *Diamond* v. *Holstein* (1964), 373 Mich 74, held that a guilty plea could be considered as evidence of negligence.

However, *Diamond* did not decide the issue of the present case. *Diamond* dealt with the prior plea

---

* New, effective February 2, 1965.

made by a party defendant. The present case involves the prior plea of guilty made by a nonparty driver.

In *Loose* v. *Township of Deerfield* (1915), 187 Mich 206, 209, the Court said:

"Defendant attempted to show as a substantive fact that certain admissions were made by Trollman, the driver, as to the speed of the car. The refusal of the court to admit these is assigned as error. Had the foundation been laid and the admissions offered as impeachment of Trollman, they would have been competent; but as substantive evidence they were not competent because they were made some time after the accident and not in the presence of the plaintiff. *Edwards* v. *Foote* (1901), 129 Mich 121."

In *Hyatt* v. *Leonard Storage Co.* (1917), 196 Mich 337, 343, the Court stated:

"It is urged by the appellant that the judgment below should be reversed because the court erred in admitting in evidence the testimony of the said superintendent and the motorman of the wrecking crew as to the conversations alleged to have been held more than one-half hour subsequent to the collision, with the driver of the van; this testimony being purely hearsay in character, and not admissible under any rule of law. It is said:

"(1) That the conversations could not properly be introduced as admissions on the part of the defendant the Leonard Storage Company.

"(2) That such conversations could not properly be admitted as constituting a part of the *res gestae.*

"1. It is argued, and we think properly so, that the alleged conversations could not be legally introduced as admissions of the defendant the Leonard Storage Company, because the driver was not an agent authorized to admit facts or to make statements involving the liability of his principal."

In *Gorman* v. *McCleaf* (1963), 369 Mich 237, 241, the Court stated:

"A fellow employee by the name of Teachout testified that several days after the accident he had a conversation with McCleaf which led him to believe McCleaf was going on a call at the time of the accident. Both statements were admissible for the purpose of impeaching the testimony of McCleaf, but the time was not sufficiently fixed by the police officer to make his statement a part of the *res gestac*. Clearly, Teachout's testimony of a conversation some days after the accident was not a part of the *res gestae*. A statement in the nature of an admission by an employee is not admissible as to the employer so as to bind the employer, unless it is a part of the *res gestae* or unless authorized by the employer or made within the scope of the employment."

Schaftenaar's plea of guilty to the charge of failing to exercise due care should not have been admitted as substantive evidence to prove defendant's negligence.

*Perin* v. *Peuler* (1964), 373 Mich 531 and *Tortora* v. *General Motors Corporation* (1964), 373 Mich 563 acknowledged that negligent entrustment is still a valid theory in Michigan.

A review of the testimony indicates that there were questions of fact involved as to the defendant's proper maintenance of the buses and whether or not Schaftenaar had been given proper instructions and was qualified to drive the bus. The case was properly submitted to the jury on the theory of negligent entrustment.

Reversed and remanded for a new trial. Costs to defendant.

All concurred.