POWELL *v.* KING

OPINION OF THE COURT

1. ASSAULT AND BATTERY — CIVIL ACTION — EVIDENCE — PLEA OF GUILTY — ADMISSIBILITY.

A defendant's plea of guilty to a criminal charge of assault is admissible against the defendant in a civil action arising out of the same assault (MCLA § 750.81).

2. ASSAULT AND BATTERY — CIVIL ACTION — EVIDENCE — PLEA OF GUILTY.

Admitting evidence of a guilty plea of simple assault to a civil action arising out of the same assault against the same defendant who pled guilty was proper where defendant's answer denied that he had committed any assault upon the plaintiff, and the answer directly contradicted his plea of guilty in the criminal case because the evidence was within the scope of the pleadings.

3. ASSAULT AND BATTERY — CIVIL ACTION — EVIDENCE — PLEA OF GUILTY — ADMISSIBILITY.

A defendant's plea of guilty in a criminal proceeding may be used against him in a civil action arising out of the same incident despite the obvious possibility of prejudice to the defendant (MCLA § 750.81).

4. ASSAULT AND BATTERY — CRIMINAL LAW — ELEMENTS — ASSAULT WITHOUT WEAPON—STATUTES.

The assault and battery statute does not define assault as a crime committed without a weapon (MCLA § 750.81).

5. ASSAULT AND BATTERY — CIVIL ACTION — EVIDENCE — PLEA OF GUILTY — USE OF PLEA.

Denying defendant's requested instruction to the jury in a civil case for assault with a weapon that defendant's plea

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 9,10] 29 Am Jur 2d, Evidence §§ 701, 1098.
[4, 5] 6 Am Jur 2d, Assault and Battery § 2.
[6–8] 29 Am Jur 2d, Evidence §§ 701, 702.

of guilty in his criminal case for assaulting the same plaintiff as in the civil case in the same incident which was the basis of the civil suit was evidence only of an assault without a weapon was harmless error, if error at all, where defendant admitted he used a knife during the assault and because the assault statute does not define an assault as a crime committed without a weapon (MCLA § 750.81).

### CONCURRENCE BY LEVIN, J.

6. ASSAULT AND BATTERY—CIVIL ACTION—EVIDENCE—CRIMINAL CONVICTION—PLEA OF GUILTY—ADMISSIBILITY.

   *A judgment in a criminal prosecution is not admissible in a civil case arising out of the same occurrence; however, a conviction on a plea of guilty is generally provable as an admission, but not if the conviction is upon a plea of* nolo contendere.

7. ASSAULT AND BATTERY—CIVIL ACTION—EVIDENCE—COMMISSION OF CRIME—ADMISSION OF CRIME—ADMISSIBILITY.

   *Evidence of the commission of crime is generally not admissible in a civil action arising out of the same occurrence, although admissions generally are; however, a plea of* nolo contendere *is not an admission.*

8. ASSAULT AND BATTERY — CIVIL ACTION — EVIDENCE — PLEA OF GUILTY — ADMISSIBILITY.

   *Defendant's conviction, on his plea of guilty, of simple assault, a reduced charge from felonious assault, should not have been admissible in plaintiff's civil action against the defendant arising out of the same occurrence merely because the defendant did not take the precaution of offering a plea of* nolo contendere, *since it makes no sense to treat a conviction following a plea of guilty to a reduced charge as having greater evidentiary value than a conviction after a trial on the merits for the originally-charged offense.*

9. ASSAULT AND BATTERY — CIVIL ACTION — EVIDENCE — PLEA OF GUILTY — ADMISSIBILITY — PROBATIVE VALUE.

   *Evidence that defendant pled guilty of simple assault, a charge reduced from felonious assault, should not have been admissible in a civil action against the defendant for assault arising from the same incident because the plea shows only that defendant chose to plead guilty rather than risk a long prison term and incur the expenses of trial.*

10. Assault and Battery — Civil Action — Evidence — Plea of Guilty — Admissibility — Prejudice.

> *Evidence that defendant pled guilty to simple assault should not have been admissible in a civil action against the defendant for assault arising from the same incident because the plea could well have influenced the jury and because the jurors should have been permitted to decide fault without the influence of the knowledge of the criminal conviction.*

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 January 11, 1971, at Detroit. (Docket No. 7828.) Decided April 26, 1971. Leave to appeal denied, 385 Mich 784.

Complaint by Alfred Davis Powell against Samuel King for assault and battery. Judgment for plaintiff. Defendant appeals. Affirmed.

*Joan D. Jarson,* for plaintiff.

*George E. Lee,* for defendant.

Before: V. J. Brennan, P. J., and Fitzgerald and Levin, JJ.

V. J. Brennan, P. J. Plaintiff Alfred Powell recovered judgment below for injuries sustained from an assault and battery committed on him by defendant Samuel King. From a denial of his motion for a new trial, defendant appeals.

Neither of the errors assigned by defendant requires reversal.

It is first contended that the court erred in allowing into evidence the record of his plea of guilty to a charge of assault[1] arising out of the same trans-

---

[1] MCLA § 750.81 (Stat Ann 1962 Rev § 28.276) provides:

"Sec. 81. Any person who shall be convicted of an assault or an assault and battery where no other punishment is prescribed shall be guilty of a misdemeanor."

action which forms the basis of the present civil suit. While conceding the general rule[2] allowing the use of guilty pleas in civil suits as admissions,[3] *Diamond* v. *Holstein* (1964), 373 Mich 74, defendant argues that it should not be admitted in the instant case, because it is outside the scope of the pleadings and issues and is highly prejudicial. Defendant takes this unique position, because he claims that plaintiff was only seeking damages for injuries inflicted by a weapon and that a simple assault is, as a matter of law, an assault without a weapon.

With regard to defendant's statement that the guilty plea is outside the scope of the pleadings, we note that plaintiff's complaint did in fact allege an assault without a weapon. With regard to defendant's statement that the record is outside of the issues, we point out that defendant's answer to the complaint denies "the commission of any assault, as defined by law, upon the person of plaintiff." This is in direct contradiction to his plea of guilty to assault. Finally, admissions may be allowed into evidence despite the obvious possibility of prejudice to the defendant. *Owen* v. *Birmingham Federal Savings and Loan Association* (1970), 27 Mich App 148.

The facts admitted by the plea of guilty offered as evidence in this civil action were relevant to the

---

[2] See 18 ALR2d 1287, § 4, p 1307.

[3] We refuse to add to the confusion surrounding the exceptions to the hearsay rule by following the lead of the attorneys and the lower court in labeling an admission as an "admission against interest." *Admissions* and *declarations against interest* are separate and distinct exceptions to the hearsay rule; they have different prerequisites and a somewhat different rationale. 4 Wigmore on Evidence (3d ed), § 1049, p 6. Nor is a guilty plea properly called a *judicial* admission when it is sought to be used in a proceeding *other than that in which it was made.* 4 Wigmore on Evidence (3d ed), § 1058, p 20. We point out these distinctions not merely for the sake of proper nomenclature, but also to avoid what Wigmore calls "local error[s] of theory" with respect to the conditions which must obtain before one or the other exception applies.

issues and, therefore, admissible. The record discloses the defendant's complete explanation of the events and it shows the reason for his plea, namely, that he first hit the plaintiff with his fists because he became enraged at plaintiff's remarks concerning his daughter. He next explained how this led into his fear of the alleged possession of a gun by the plaintiff, which then became the basis for his self-defense position. All of these were questions of fact for the jury to decide. The jurors had full opportunity to observe the parties and the witnesses and to determine what, if any, credibility they would attach to the testimony of each.

Defendant's second assignment of error concerns the refusal of the trial court to give a requested instruction to the jury. At the close of the proofs, counsel for defendant unsuccessfully requested that the trial court give an instruction stating, *inter alia,* that "the offense of simple assault * * * is, by law, defined as an assault committed without the use of a weapon" and that the plea of guilty could be considered as an admission only that there was an assault without a weapon.

It was not error to deny the requested instruction. The statute under which defendant was convicted does not, in fact, define assault as a crime committed without a weapon.[4] And while it is true that the assaults involved in this single transaction are technically separable, we do not feel under the circumstances (the defendant having admitted to using a knife) the court was obliged to draw this distinction for the jury. The charge as a whole was fair, the error, if any, was harmless. GCR 1963, 517.1.

---

[4] See fn 1, *supra.*

For the foregoing reasons, the judgment of the lower court is affirmed.

Affirmed.

Fitzgerald, J., concurred.

Levin, J., (*concurring*) I concur because I cannot, in the light of decisions of our Supreme Court,[1] properly dissent. I write separately because, in my opinion, the rule of law established by those decisions should be reexamined and modified and, better yet, abrogated.

The issue tried to the jury in this civil case was whether the defendant, Samuel King, unjustifiably assaulted the plaintiff, Alfred Davis Powell, with a knife or whether, as claimed by King, he used the knife in self-defense. The jury's verdict was for the plaintiff in the amount of $10,000.

After the assault, King was charged by the prosecutor with the offense of felonious assault,[2] punishable by imprisonment for not more than four years.[3] King pled guilty to the reduced charge of simple assault, a misdemeanor,[4] was placed on probation and required to pay $100 costs.

Had King been convicted by a jury of either the charged offense, felonious assault, or the reduced offense, assault and battery, evidence of his convic-

---

[1] *Nielsen* v. *Eiler* (1929), 248 Mich 545 (civil action for assault; defendant's plea to a reduced charge cognizable by a justice of the peace held to be admissible); *Anders* v. *Clover* (1917), 198 Mich 763, 765; *Diamond* v. *Holstein* (1964), 373 Mich 74, 77.

But a plea of guilty by a bus driver to a charge of failing to exercise due care is not admissible in a civil action against the bus driver's employer arising out of the occurrence which gave rise to the traffic offense. *Kloosterman* v. *Kalamazoo City Lines, Inc.* (1970), 21 Mich App 513. In *Kloosterman*, in contrast with *Diamond* v. *Holstein*, the driver was not himself a defendant.

[2] MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).

[3] MCLA § 750.503 (Stat Ann 1954 Rev § 28.771).

[4] MCLA § 750.81 (Stat Ann 1962 Rev § 28.276).

tion probably would not have been admissible at the civil trial for the purpose of showing that substantially the same factual issues presented in the civil action were decided against him in the criminal proceeding. The general rule recognized by most jurisdictions,[5] and by Michigan,[6] is that a judgment of conviction in a criminal prosecution is not admissible in a civil case arising out of the same occurrence. However, as my colleagues in this case rule (and I am obliged by controlling precedent to agree), a conviction on a plea of guilty is generally provable as an admission;[7] but not if the conviction is upon a plea of *nolo contendere.*[8]

These distinctions are all theoretically sound. Evidence of the commission of crime is generally not admissible.[9] Admissions generally are, and a plea of *nolo contendere* is not an admission. But, although theoretically tenable, there is no sound reason why the defendant's conviction for simple assault should be admissible because he did not take the precaution of offering a plea of *nolo contendere* and it makes no sense to treat a conviction following a plea of guilty to a reduced charge as having greater evidentiary value than a conviction after a trial on the merits for the originally-charged offense.

The evidence of King's conviction on a plea of guilty should have been excluded not only to protect him from deflection of the jury from the task before it, but also because in this case the evidence was

---

[5] 29 Am Jur 2d, Evidence, § 334; McCormick, Evidence, § 295, pp 618, 619; 50 CJS, Judgments, § 754, p 269 *et seq.*

[6] See *Day* v. *Gold Star Dairy* (1943), 307 Mich 383, 389; *Smith* v. *Brown* (1851), 2 Mich 161.

[7] 29 Am Jur 2d, Evidence, § 701; McCormick, Evidence, § 242, fn 32, p 512, and authorities cited in fn 6, *supra.*

[8] 29 Am Jur 2d, Evidence, § 702; McCormick, Evidence, § 242, fn 32, p 513.

[9] See authorities cited in fn 5, and 29 Am Jur 2d, Evidence, § 320, p 366 *et seq.*; McCormick, Evidence, § 157, p 327 *et seq.*

without significant probative value.  The fact that King, charged with  felonious assault punishable by a sentence of four years in state prison, pled guilty to a misdemeanor shows merely that, faced with two unpleasant alternatives, he chose the less threatening.  By pleading guilty he avoided the possibility of having a felony record and of being sentenced to serve a long term in prison.  He made it more likely that he would be placed on probation, as he was.  Additionally, by pleading guilty he saved the expense of defending himself against the criminal charge.

Introduction into evidence of the fact that King pled guilty, although without significant probative value, could well have influenced the jury and been responsible for the verdict against him.  His plea of guilty to the assault charge was mentioned in the trial judge's instructions and in oppossing counsel's closing arguments.  The jurors might well have reasoned that if the prosecutor charged King, he pled guilty, and the judge accepted the plea, he must have been the one at fault.  The jurors should have been permitted to decide who was at fault uninfluenced by knowledge of the criminal prosecution.

The evidence was admitted as part of plaintiff's case and, therefore, the question whether the conviction was admissible to impeach King's credibility when he took the stand was not briefed by the parties and is not before us.[10]

---

[10] See *Sting* v. *Davis* (1971), 384 Mich 608.