UNITED STATES of America,
Plaintiff,

v.

Benjamin LEVINSON et al., Defendants.

Civ. A. No. 32768.

United States District Court,
E. D. Michigan, S. D.

Dec. 28, 1973.

Fred M. Mester, Detroit, Mich., Alexander Younger, Civ. Div., Dept. of Justice, Washington, D. C., for plaintiff.

Sidney E. Pollick, Southfield, Mich., Robert S. Harrison, Detroit, Mich., Richard E. Medinis, Huntington Woods, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action by the government against the named defendants alleging liability under the False Claims Act. 31 U.S.C. § 231. The case against Strang has been settled and a consent judgment has been entered against him in an amount agreed upon by Strang and the government.

The essentials of a cause of action under Section 231 that are relevant to this case are as follows:

1. Making or causing to be made or presenting or causing to be presented for payment or approval a claim against the government, and

2. Knowing that the claim is false or fictitious, or

1. Making or causing to be made or using a false bill, receipt, voucher, roll, account, claim, certificate, affidavit, deposition or entry knowing the same to be false,

2. For the purpose of obtaining or aiding in obtaining payment or approval of a claim against the government, or

1. Entering into any agreement, combination or conspiracy to defraud the Government of the United States by obtaining or aiding to obtain the payment or allowance of any false or fraudulent claim.

The complaint in this case charges:

*Count I* A conspiracy among the defendants from 1961 to 1964 to make false and fictitious and fraudulent

statements to the Veterans Administration to induce or cause the agency to guarantee home mortgage loans to persons not eligible and which loans were not eligible for guarantee (Count I, Paragraph 11).

*Count II* The conspiracy involved certain documents submitted on or about February 28, 1963 in connection with a loan to Patrick Clark on a house located at 2435 Horton Street, Detroit, and a direct charge that the documents submitted were false.

*Count III* The conspiracy involved certain documents submitted on or about February 27, 1962 in connection with a loan to Johnnie Thomas on a house located at 1471 Hurlbert, Detroit, and the direct charge that the documents submitted were false.

*Count IV* The conspiracy involved certain documents submitted on or about December 26, 1962 in connection with a loan to John C. Remson on a house located at 1992 Richton, Detroit, and the direct charge that the documents submitted were false.

*Count V* A claim in identical terms to the first four counts but predicated on common law fraud.

*Count VI* A claim in identical terms to the first four counts for profits made by defendants on the transactions.

All defendants except Medinis were earlier tried on a multiple count indictment alleging in Count I a conspiracy to defraud the government in violation of 18 U.S.C. §§ 371 and 1001, and in 32 other counts, they being specific violations of 18 U.S.C. §§ 1001 and 2.

Levinson, Franklin Mortgage Corporation and Howard were found guilty by a jury of Counts I through XVII of the Indictment. Medinis pleaded guilty to Count XXIV and was convicted on that count alone.

The government has filed a motion for summary judgment against each of the defendants contending that the conviction in the criminal case estops each defendant from denying liability to the government for the government losses under the three loans.

■ Collateral estoppel applies in cases such as this. A determination in a criminal case against a defendant of an identical issue of fact will estop that defendant from denying the existence of that fact in a subsequent civil action between he and the United States. Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951); Local 167, International Brotherhood of Teamsters v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934); Sell v. United States, 336 F.2d 467 (10th Cir. 1964). Therefore we must determine if issues significant to this case were determined in the criminal case.

■ Count I of this action alleges a right to recovery for conspiracy to defraud the government under Section 231. All of the essential allegations for recovery in Count I have been established by the jury verdict and judgment in the conspiracy count in the criminal case. The jury could not have found the defendant Levinson, Franklin Mortgage Corporation or Howard guilty under that count without finding that they had entered into an agreement, combination or conspiracy to defraud the Government of the United States by obtaining or aiding to obtain the payment or allowance of a false or fraudulent claim as required to establish liability under Section 231.

Therefore, plaintiff's motion for partial summary judgment against Levinson, Franklin Mortgage and Howard is granted as to liability under Count I. There is, however, no determination by the jury in its verdict as to Count I of the criminal indictment as to whether any of the loans alleged in this case were involved in that conspiracy. The verdict was general. Other matters were alleged to be involved in the conspiracy. The verdict could or could not have involved findings about these loans. Proof of any of the overt acts would

have been sufficient to establish a conspiracy. We cannot from the general verdict in the criminal case tell whether the jury found the defendants guilty of acts with regard to any one of these loans.

Count II of this case involves the Clark loan. Count XI of the criminal indictment involves the same loan. The defendants Levinson, Franklin Mortgage and Howard were found guilty of violating Section 1001 and Section 2 of Title 18 as set forth in Count XI. The jury could not have found these defendants guilty in Count XI without finding facts of the kind and character to create liability under Section 231. Therefore as to Count II in this case defendants Levinson, Franklin Mortgage and Howard are estopped by the findings and judgment of conviction in Count XI to deny that they are liable to the government for the losses from the Clark loan.

The Thomas loan was the subject of four counts in the criminal indictment; II, III, XXIII and XXIV. The Thomas loan is the subject of Count III in this case. Levinson, Franklin Mortgage and Howard were found guilty of Counts II and III. ·Medinis was found guilty of Count XXIV and none of the defendants were found guilty of Count XXIII. The acts for which the defendants Levinson, Franklin and Howard must have been found guilty in violation of Sections 1001 and 2 of Title 18, as alleged in Counts II and III in the criminal action, are the very same acts alleged to be the basis for liability in Count III of this case under Section 231. Therefore, as to Count III in this action, defendants Levinson, Franklin and Howard are estopped by the finding and judgment of conviction in Counts II and III to deny that they are liable to the government for loss in connection with the Thomas loan.

Medinis pleaded guilty to Count XXIV. His liability in Count III in this action is predicated on the same acts that must have been the basis for his conviction in Count XXIV of the indictment. The fact that the judgment of conviction was entered as a result of a plea does not lessen its *res judicata* effect. United States v. Ben Grunstein & Sons Co., 127 F.Supp. 907 (D.N.J.1955); United States v. Eagle Beef Cloth Company, Inc., 235 F.Supp. 491, 492 (E.D. N.Y.1964); United States v. American Precision Products Corp., 115 F.Supp. 823, 826 (D.N.J.1953); United States v. Accardo, 113 F.Supp. 783, 786 (D.N.J. 1953); United States v. Goldberg, 256 F.Supp. 540, 542 (D.Mass.1966). Therefore Medinis, as to Count III in this action, is estopped by the finding and judgment of conviction on Count XXIV of the indictment to deny he is liable to the government for the loss from the Thomas loan.

The Remson loan, Count IV of this case, was the subject of Count XX in the indictment. None of the defendants were found guilty of this count. Since it is not possible to determine that the facts surrounding this loan were necessarily found in favor of the government in Count I of the criminal case, there is no basis for estoppel in connection with this loan.

As to Counts V and VI of the complaint in this case, I can see no difference in the approach to the use of estoppel and *res judicata* from that set out heretofore in this opinion.

In summary, as to the Clark loan, Count II, summary judgment determining the defendants Levinson, Franklin Mortgage and Howard liable may be entered. As to the Thomas loan, Count III, summary judgment determining all defendants, Levinson, Franklin, Howard and Medinis liable may be entered. As to the Remson loan, the motion for partial summary judgment is denied.

If the parties can agree on the amount of the loss as to the Thomas and Clark loans, final judgment may be entered on Counts II and III against the indicated defendants. If they cannot so agree, the matter should be set down for proof.

The court has considered all cases cited by defendants and all claims made by them in opposition to the mo-

tion. None of the cases and none of the claims are persuasive. The court has also considered the defendants' motion for admission of polygraphic evidence. As to the matters on which the summary judgment has been granted, no polygraphic evidence is permitted. As to the other matters, it does not seem to the court that this is an appropriate case for the use of polygraphic evidence. Unlike United States v. Ridling, D.C., 350 F.Supp. 90, the issues here are not sharply defined and the use of such evidence would not very likely be helpful.

So ordered.