## Midboe v. Lawson

*Thomas J. Calnan, Jr.,* of *Stamberg, Caplan & Calnan,* for plaintiff.

*Donald L. VanGilder,* of *Butz, Hudders & Tallman,* for defendants.

WIEAND, *J.,* December 9, 1977 — The complaint in this action of trespass contains wrongful death and survival counts which claim damages because of the death of Carl A. Midboe. Decedent, it has been alleged, was a passenger in a vehicle driven by John R. Lawson, one of the defendants. Lawson drove the vehicle while under the influence of intoxicating liquor and in such a grossly negligent manner, the complaint avers, that it collided with another vehicle and caused the death of plaintiff's decedent. Defendants, George D. Lawson and Maryanne Lawson, are also liable, it is contended, because John R. Lawson was their agent and also because they were negligent in entrusting the vehicle to him. These averments have been denied by a responsive pleading.

The matter is now before the court on plaintiff's motion for summary judgment. That motion is supported by an affidavit that defendant, John Lawson, entered a plea of guilty to a charge of involuntary manslaughter arising out of the same accident which is the subject of the instant action. Defendants have filed no contrary affidavit.

The issue, therefore, is whether Lawson's plea of guilty to a charge of involuntary manslaughter is conclusive in the instant action and collaterally estops defendants from defending the issue of liability.

We observe initially that the guilty plea of John R. Lawson cannot, in any event, be conclusive on the issue of his parents' liability. Our discussion, therefore, will be limited to the effect of the plea on the civil liability of John R. Lawson.

The prevailing view is that a plea of guilty to a criminal charge is admissible, when relevent, as an admission by a party to a civil action. The admission is treated as other admissions, however, and does not have a conclusive effect: State Farm Mutual Auto. Insurance Company v. Worthington, 405 F.2d 683 (8th Cir., 1968); Franklin Life Insurance Company v. Strickland, 376 F. Supp. 280 (N. D. Miss., 1974); Johnson v. Tucker, 383 S.W.2d 325 (1964); Monsma v. Williams, 385 P.2d 107 (1963); Smith v. Kurtz, 34 D. & C. 439 (1938). See also Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968); Gancy v. Dohna, 25 Conn. 138, 198 A.2d 66 (1964); Diamond v. Holstein, 373 Mich. 74, 127 N.W.2d 896 (1964); Nichols v. Blake, 418 S.W.2d 188 (1967); Gruber v. Beeson, 284 So.2d 820 (1973); Haley v. Dreesen, 532 P.2d 399 (1975). Compare: United States v. Levinson, 369 F. Supp. 575 (E. D. Mich., 1973).

Plaintiff argues that the rule is, or at least should be, otherwise in Pennsylvania. She relies upon a decision in Mahoney, Administratrix v. Aguie Passieu Trucking Co., 53 Wash. Co. 122 (1973), where, under facts identical to the instant case, the Court of Common Pleas of Washington County entered summary judgment for plaintiff. In doing so, the Washington County Court placed great reliance upon a decision of the Supreme Court of Pennsylvania in Hurtt v. Stirone, 416 Pa. 493, 206A.2d 624 (1965).

We have reviewed the Hurtt decision and, despite our respect for the Washington County Court, conclude that Mahoney was an unwarranted expansion of the holding thereof. Hurtt was an action in assumpsit to recover money from a convicted extortioner. The Supreme Court held that proof of defendant's conviction was conclusive evidence of the fact of extortion. The Supreme Court said that it was moving away from a prior rigid rule which held judgments in criminal cases inadmissible to establish facts in a civil case. At the same time, the court added the following limitation at page 499:

"In so deciding, we recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique.' "

This is of particular relevance to pleas of guilty which are frequently the result of negotiations between counsel who may be, but in all probability are not, contemplating the consequences of their bargain upon potential litigation arising out of the

same traffic accident. A plea of guilty, it would seem, is more nearly akin to a default judgment in a civil action which, it has been held, is conclusive only as to the cause of action upon which the action was based. See Martin v. Poole, 232 Pa. Superior Ct. 263, 336 A.2d 363 (1975); Restatement, Judgments, §68, comment f. See also 77 A.L.R.2d 1423.

In the instant case, the plea of guilty to a charge of involuntary manslaughter should certainly be deemed an admission that defendant operated a vehicle in a reckless or grossly negligent manner. However, it should not bar defendant or his liability insurance carrier from defending a civil action in trespass filed against him. Not only are the parties different than in the criminal action but the issues determinative of responsibility are also not the same. Thus, voluntary assumption of the risk, although not a defense to a criminal charge of involuntary manslaughter, is a defense even to recklessness in a civil action. See Restatement, Torts §503; Myers v. Sezov, 19 Bucks 16 (1969). Conceivably, such a defense, which need not be pleaded as an affirmative defense, may be raised in the instant case.

In view of these differences, res judicata has no application. To support such a claim there must be a concurrence of four conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of parties to the action; and (4) identity of the quality or capacity of the parties suing or sued: Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 243 A.2d 385 (1968); Stevenson v. Silverman, 417 Pa. 187, 208 A.2d 786 (1965); McCarthy v. Township of McCandless, 7 Commonwealth Ct. 611, 300 A.2d 815 (1973).

Because the issues are not identical, collateral estoppel also does not bar a defense to plaintiff's action. See Safeguard Mutual Ins. Co. v. Williams, 463 Pa. 567, 345 A.2d 664 (1975); Schubach v. Silver, 461 Pa. 366, 336 A.2d 328 (1975); Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260, 323 A.2d 341 (1974).

It is our conclusion, therefore, that Mahoney constitutes a radical departure from well-established principles of law and is not mandated by the Supreme Court decision in Hurtt v. Stirone, supra. In the absence of further direction from the appellate courts, therefore, we must decline to follow Mahoney. Plaintiff's motion for summary judgment will be denied.

## ORDER

Now, December 9, 1977, for reasons appearing in an accompanying opinion, it is ordered that plaintiff's motion for summary judgment be and the same is denied.